J-A01004-16

2016 PA Super 25

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY BRAGG | |
| Appellant | No. 2040 EDA 2014 |

Appeal from the Judgment of Sentence June 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000310-2013
CP-51-CR-0010290-2012 &
Nos. CP-51-CR-0010289-2012

BEFORE:  LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED FEBRUARY 05, 2016**

Appellant Gregory Bragg appeals from the judgment of sentence entered by the Honorable Edward C. Wright of the Court of Common Pleas of Philadelphia County after the trial court convicted Appellant of arson, two counts of robbery, theft by unlawful taking, possession of an instrument of crime, receiving stolen property, criminal mischief, and resisting arrest.[1] Appellant challenges the sufficiency of the evidence supporting his arson and robbery convictions and claims the trial court imposed an illegal mandatory minimum sentence.  After careful review, we affirm.

---

[1] 18 Pa.C.S.A. §§ 3301(a)(1)(i), 3701(a)(1)(ii)&(iv), 3921(a), 907(a), 3925(a), 3304(a)(2), and 5104, respectively.  Appellant was charged on three separate dockets.

*Former Justice specially assigned to the Superior Court.

Appellant was charged with the aforementioned offenses in connection with two bank robberies in Philadelphia. On May 12, 2012, Appellant held up the Citizens Bank at 7327 Frankford Avenue by demanding money from the bank teller. Once the teller placed approximately $2,300 in Appellant's bag, Appellant noticed a dye pack attached to the money. Appellant removed the dye pack, threw it on the floor, and fled. Witnesses saw Appellant change his clothes in a nearby alley and burn the clothes he wore in the robbery.

Several months later, on August 11, 2012, Appellant entered the PNC Bank at 6855 Frankford Avenue, wearing a red Phillies shirt, a baseball hat, sunglasses, blue surgical gloves, and jeans. Appellant approached the teller, growled "What are you looking at?," banged on the counter, and demanded money from the teller, who placed $3,700 in Appellant's bag. Appellant fled the bank and ran towards a residential driveway where a wooden fence separated the driveway from the backyard of a row home. Appellant changed his clothes, poured gasoline on the clothes he wore in the robbery, and lit them on fire.

Philadelphia Police Sergeant Dennis Johnson received a radio dispatch to the robbery at the PNC Bank and observed Appellant attempting to flee down Knorr Street. After Sergeant Johnson began pursuing Appellant on foot, Appellant threw the stolen money in a trashcan. When Sergeant Johnson saw Appellant had a knife, he pulled out his firearm and ordered

Appellant to drop his weapon. Backup officers arrived to help Sergeant Johnson place Appellant in custody.

Several eyewitnesses identified Appellant as the perpetrator of the robbery at PNC Bank. Later that evening, Appellant gave a formal written confession, admitting he had robbed PNC Bank. On September 7, 2012, Appellant gave a similar written confession to admit he had also committed the May 2012 robbery of Citizens Bank.

Appellant waived his right to a jury trial and proceeded to a bench trial, where the trial court convicted him of the aforementioned offenses. On June 19, 2014, the trial court imposed an aggregate term of ten to twenty years' imprisonment. On July 18, 2014, Appellant filed this timely appeal.

Appellant raises three issues for our review on appeal:

1) The evidence was insufficient as a matter of law to convict [Appellant] of the crime of arson as set forth in 18 Pa.C.S.A. § 3301 or § 3301(a.1).

2) The evidence was insufficient as a matter of law to convict [Appellant] of the crime of robbery as set forth in 18 Pa.C.S.A. §§ 3701(a)(1)(i), 3701(a)(1)(ii), or 3701(a)(1)(iii).

3) [Appellant] was illegally sentenced pursuant to 42 Pa.C.S.A. § 9714 insofar as that statute, as written, violates [Appellant's] rights under the Sixth Amendment to the U.S. Constitution (made applicable in this matter by the Fourteenth Amendment to the U.S. Constitution) and Article I, § 9 of the Pennsylvania Constitution.

Appellant's Concise Statement pursuant to Pa.R.A.P. 1925(b), 11/7/14, at 2.

In reviewing Appellant's challenges to the sufficiency of the evidence supporting his convictions, our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Yong*, 120 A.3d 299, 311 (Pa.Super. 2015) (citation omitted).

Appellant first claims there was insufficient evidence to support his arson conviction under Section 3301(a)(1)(i) of the Crimes Code, which provides in relevant part:

A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if: (i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire…

18 Pa.C.S.A. § 3301(a)(1)(i). Appellant claims the Commonwealth failed to establish that he placed another person in danger of death or serious bodily injury when he started the fire in the residential driveway. We disagree.

- 4 -

The Commonwealth presented evidence that Appellant threw his clothes upon a residential driveway of an apartment building, poured a bottle of gasoline onto the pile of clothing, and ignited a fire with a lighter. The fire scorched a cinderblock wall and a wooden fence which separated the driveway from a yard filled with heavy vegetation, which also began to burn. A block of row homes was located at the end of the yard.

The Commonwealth presented the expert testimony of Lieutenant Edward Manko, Assistant Fire Marshal, who had testified based on his twenty-five years of work experience at the fire department. Lieutenant Manko shared that in his experience, he had witnessed fires set in similar outdoor locations that spread to surrounding homes. After reviewing the facts of the instant case, Lieutenant Manko opined that the fire could have easily spread throughout the scorched vegetation in that neighborhood yard, placing all the row homes in danger. Accordingly, we conclude that there was sufficient evidence for the trial court to uphold Appellant's arson conviction under Section 3301(a)(1)(i) as he placed another person in danger of death or serious bodily injury when he started the fire in the residential driveway.[2]

---

[2] Appellant cites to **Commonwealth v. McGinnis**, 481 Pa. 394, 392 A.2d 1350 (1978), in which the Supreme Court filed a *per curiam* decision affirming the trial court's decision to sustain the defendant's demurrer as the prosecution failed to establish the crime of which the defendant was charged, which included first-degree arson. The decision does not set forth the facts of the case or offer the Supreme Court's rationale for its
*(Footnote Continued Next Page)*

Second, Appellant claims there was insufficient evidence to support his first-degree robbery conviction pursuant to Section 3701(a)(1)(ii) of the Crimes Code, which provides that "[a] person is guilty of robbery if, in the course of committing a theft, he …(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii). Appellant argues that he did not threaten or place anyone in fear of immediate serious bodily injury as he entered the banks in broad daylight, banged on the counter, and demanded money. Instead, Appellant claims that he should have been convicted of a lesser offense, second-degree robbery under Section 3701(1)(iv), which only requires evidence that the defendant "threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(iv).

This Court has held that in order "to sustain a conviction under § 3701(a)(1)(ii), the Commonwealth need not prove a verbal utterance, but may show aggressive actions that threaten serious bodily injury." *Commonwealth v. Davis*, 459 A.2d 1267, 1272 (Pa.Super. 1983). In *Davis*, a defendant entered a pipe shop through the store window, told the

*(Footnote Continued)* —————————————

conclusion. Our Supreme Court has clearly emphasized that such *per curiam* decisions have no precedential effect and their legal significance is limited to setting out the law of the case. *Commonwealth v. Thompson*, 604 Pa. 198, 213-14, 985 A.2d 928, 937-38 (2009). *See also Commonwealth v. Tilghman*, 543 Pa. 578, 673 A.2d 898, 904 (1996) (establishing that a *per curiam* order has precedential force only if it expressly affirms on the basis of the lower court opinion).

clerk to get back, and removed money from the cash register. As the Superior Court found that Appellant's mode of entry and his warning to the clerk were aggressive and implied a threat to the victim's safety, the Superior Court upheld the defendant's robbery conviction under Section 3701(a)(1)(ii).

Similarly, in the instant case, Appellant's aggressive actions placed employees and customers of PNC Bank in fear of serious bodily injury. Appellant entered the bank, disguised himself with sunglasses and a baseball cap, and equipped with surgical gloves to conceal his fingerprints. When he reached the teller, he sneered, "What are you looking at?" Appellant then banged his fists on the counter and demanded that the teller place only large bills in his bag. While Appellant asserts he cannot be guilty of first-degree robbery as he did not brandish a weapon or make a specific verbal threat, this Court has never held that either action is required to sustain a conviction under Section 3701(a)(1)(ii). Accordingly, we conclude that the trial court did not err in finding sufficient evidence to support Appellant's robbery conviction under Section 3701(a)(1)(ii).

Lastly, Appellant claims the trial court imposed an illegal mandatory minimum sentence for his arson conviction in violation of *Alleyne v. United States*, ___ U.S.___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Appellant received a ten-year mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714(a) based on his prior conviction for burglary of an occupied

residence, which constituted a crime of violence. Section 9714 provides in relevant part:

> **(a) Mandatory sentence.—**
>
> (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9714(a)(1).

In **Alleyne**, the Supreme Court of the United States established that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. However, the Supreme Court has recognized a narrow exception to this rule for prior convictions. **Id**. at 2160, n.1 (citing **Almendarez-Torres v. United States**, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). In **Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa.Super. 2015), this Court specifically found that Section 9714 is not rendered unconstitutional under **Alleyne** as it provides for mandatory minimum sentences based on prior convictions. Accordingly, as Appellant was similarly sentenced to a mandatory minimum sentence under Section

9714 for his prior conviction of a crime of violence, Appellant's sentencing challenge has no merit.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2016