J. S21026/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
                               :        PENNSYLVANIA
                               :
            v.                 :
                               :
ZACHARY METCALF,               :
                               :
            Appellant          :
                               :     No. 1319 WDA 2016

Appeal from the Judgment of Sentence August 3, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0002112-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 20, 2017**

Appellant, Zachary Metcalf, appeals from the Judgment of Sentence entered in the Beaver County Court of Common Pleas, arising out of a series of fires that Appellant intentionally set in ten unoccupied structures over a one-month period. Although the trial court convicted Appellant of more than a dozen counts of Arson and other related charges, his appeal is limited to challenging the evidence of his single conviction for Arson Endangering Persons.[1] After careful review, we affirm.

We summarize the relevant facts and procedural history as follows. Between August 31, 2015, and September 28, 2015, Appellant intentionally

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3301(a)(1).

set fire to eight unoccupied structures in Beaver Falls, Pennsylvania, and two unoccupied structures in neighboring White Township, Pennsylvania. *See* Agreed Upon Stipulations, Commonwealth's Exhibit 17. Investigators quickly determined that the fires were being intentionally set, and began identifying and patrolling abandoned houses, hoping to determine who was starting the fires. N.T., 6/20/16, at 68.

On the evening of September 28, 2015, Sergeant Michael Kryder ("Sergeant Kryder") was monitoring an abandoned house located at 1919 11th Avenue when he observed Appellant approach the rear of the residence, glance around, and then enter the residence. *Id.* at 68, 70. When Appellant emerged a few minutes later, Sergeant Kryder placed Appellant in custody and transported him to the station. Once there, Appellant waived his *Miranda*[2] rights and admitted to intentionally starting the ten fires in a written and videotaped confession. *Id.* at 73-75. According to his written confession to police, Appellant was motivated by a desire to "try and clean up the community and do away with the abandoned structures." Statement Form, dated 9/29/15, Commonwealth's Exhibit 14.

Appellant was arrested and charged with more than ten counts of Arson, including one count of Arson Endangering Persons for the fire at 1801 West Avenue. Initially charged in three separate Informations, the three

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

cases were consolidated for trial.[3] Appellant waived his right to a jury trial, and proceeded to a non-jury trial before the Honorable Richard Mancini on June 20, 2016.

At trial, the parties presented a set of Agreed Upon Stipulations, which included the dates and locations of all ten fires, as well as the fact that the fires were intentionally set and the structures were unoccupied. *Id.* The parties also stipulated that the unoccupied structures were the "property of another" and Appellant did not have "authority to defeat or impair" the property owner's interest in the structure. *Id.* The Commonwealth also introduced Appellant's written and recorded confessions. *See* Statement Form, dated 9/29/15, Commonwealth's Exhibit 14; Recorded Statement, Commonwealth's Exhibit 15.

The trial court found Appellant guilty of one count of Arson Endangering Persons, ten counts of Arson, and related charges. The trial court sentenced Appellant to an aggregate term of 4 to 8 years of incarceration.

Appellant filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue for our review, "whether the Commonwealth presented sufficient evidence to prove beyond a reasonable

---

[3] The instant case, CP-04-CR-0002112-2015, relates to the eight fires that Appellant set in Beaver Falls. The two other cases, not at issue in the instant appeal, relate to the fires that Appellant set in White Township.

doubt that Appellant placed another person in danger of death or bodily injury to establish the crime of Arson?"  Appellant's Brief at 6.

Evidentiary sufficiency is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary.  ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).  In determining whether the evidence was sufficient to support a verdict, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict winner, the Commonwealth herein.  ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*).

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005) (citations and internal quotations omitted).

In his Brief, Appellant only challenges the sufficiency of the evidence supporting his conviction of Arson Endangering Persons.  This offense is defined, in relevant part, as follows.

> (a) Arson endangering persons.-- (1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

> (i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire[.]

18 Pa.C.S. § 3301(a)(1)(i).

Appellant avers that the evidence was insufficient to establish that he placed another person in danger of death or serious bodily injury. This court recently analyzed a similar claim in **Commonwealth v. Bragg**, 133 A.3d 328 (Pa. Super. 2016). In **Bragg**, the defendant was accused of robbing a PNC Bank before fleeing "towards a residential driveway where a wooden fence separated the driveway from the backyard of a row home. Appellant changed his clothes, poured gasoline on the clothes he wore in the robbery, and lit them on fire." **Id.** at 330. At trial, Assistant Fire Marshal Edward Manko testified that, based on his 25 years of experience, "the fire could have easily spread throughout the scorched vegetation in that neighborhood yard, placing all the row homes [located at the end of the yard] in danger." **Id.** at 331. Based on that testimony, we affirmed the defendant's Arson Endangering Persons conviction because "he placed another person in danger of death or serious bodily injury when he started the fire in the residential driveway." **Id.**

In the instant case, Beaver Falls Fire Chief Mark Stowe ("Chief Stowe") testified at Appellant's trial.[4] Chief Stowe has been a firefighter for the City of Beaver Falls for 33 years, and Fire Chief of Beaver Falls for the last 18 years. N.T. at 19, 21. Chief Stowe responded to each of the eight fires that Appellant intentionally set in Beaver Falls, including the fire at 1801 West Avenue. *Id.* at 20, 28.

Chief Stowe testified that, on September 27, 2015, at 10:38 p.m., his department was notified of a fire at 1801 West Avenue, Beaver Falls, Pennsylvania. *Id.* at 35. Chief Stowe testified that, when they arrived on scene five minutes later,

> [t]he two story framed dwelling [at 1801 West Avenue] was fully engulfed in flames with a large amount of radiant heat coming from the structure. Our first end engine arrived on West Avenue positioned on the front of the structure, and due to the radiant heat we had to immediately move our engine.
>
> At the same time there was a dwelling, or actually two dwellings, one located directly across West Avenue. It was being threatened by the radiant heat, as well as a dwelling located at 1901 West Avenue. It was being threatened by the radiant heat.

---

[4] In his sufficiency claim, Appellant faults the Commonwealth for not calling an expert witness to testify to the dangers of ambient heat "to a reasonable degree of professional certainty." Appellant's Brief at 10. Appellant also attempts to distinguish the instant case from ***Bragg*** by arguing that the Assistant Fire Marshal who testified in ***Bragg*** rendered an "expert opinion" while Chief Stowe was not admitted as an expert. However, Chief Stowe did testify to the danger Appellant's fire posed to neighboring structures and their occupants, in language almost identical to that offered in ***Bragg***. Appellant did not object to this testimony at trial, and does not challenge the admissibility of Chief Stowe's testimony on appeal.

Our first task was to protect those dwellings, both occupied dwellings.

*Id.* at 34-35.

Chief Stowe testified that both neighboring structures were "obviously occupied" and had lights on inside. *Id.* at 35-36. In addition, the occupants of one of the residences were on their front porch, screaming and "very excited because of the heat and danger to their structure." *Id.* at 35-36, 44-45. The two neighboring, occupied residences were located approximately 60 feet away from the "fully engulfed" structure. *Id.* at 44. Concerned about danger to the residents and the neighboring structure, Chief Stowe moved the "frantic, worried" neighbors off of their porch into their back yard so that they were an additional 50 to 60 feet from the fire. *Id.* at 49-50.

Chief Stowe elaborated on the dangers posed by ambient heat to the occupied residences, explaining that "[a]s the radiant heat is being emitted from the initial fire building it is heating the nearby structure and fuel. Once a structure is heated to the point it reaches its ignition temperature, simultaneous burning will occur of that structure." *Id.* at 37-38. In his 33 years of experience, Chief Stowe had seen ambient heat ignite a neighboring structure on "many occasions." *Id.* at 38. He testified that, based on his experience, he could tell "immediately that the house, the occupied houses were being threatened" by the ambient heat. *Id.* at 47. Finally, Chief Stowe testified that when they arrived on scene, the wind was blowing

"embers and brands" from the engulfed structure onto one of the neighboring residences. *Id.* at 58.

Chief Stowe was "immediately" able to detect the danger to the two neighboring homes, and so he and members of his department immediately applied water to the unoccupied structure at 1801 West Avenue and to the roof and sides of the neighboring structures. *Id.* at 35, 47, 59. As a result, they were able to keep the neighboring homes below "ignition temperature" and prevented the occupied residences from igniting. *Id.* at 38, 49. Even with the considerable efforts of the Beaver Falls Fire Department, 1801 West Avenue was a complete loss, with only the basement remaining when the Fire Department extinguished the flames. *Id.* at 33; *see also* Photograph of 1801 West Avenue, Commonwealth's Exhibit 9.

Appellant argues that, although "[C]hief Stowe did mention the potential risk of radiant heat to other buildings, he did not relate that danger to another person but a danger to a building." Appellant's Brief at 9. This argument is belied by the evidence presented at trial, where Chief Stowe clearly testified that the neighboring residences were occupied at the time of the fire, that the occupied structures were in danger of igniting, and that Chief Stowe was forced to relocate the residents from the porch into the backyard because they were in danger from the fire that Appellant had intentionally set. N.T. at 49-50.

Appellant also argues "[t]he Commonwealth presented no evidence and does not appear to make an argument that any person was actually injured as a result of the fire." Appellant's Brief at 9. However, actual injury is not an element of Arson Endangering Persons. *See* 18 Pa.C.S. § 3301(a)(1)(i). The Commonwealth was required to prove that Appellant recklessly placed another person in danger of death or bodily injury. *Id.*

Unlike the defendant in *Bragg*, Appellant did more than set a small pile of clothing on fire. The Commonwealth presented evidence showing that Appellant entered a residential neighborhood, at night, and intentionally set fire to an unoccupied structure located in close proximity to other homes. At 10:30 p.m. it is reasonable to expect that residents may be home and children may be in bed. In fact, both of the neighboring homes were "obviously occupied" at the time. By the time the Fire Department responded to the fire, the unoccupied structure was "fully engulfed" and threatening both of the neighboring homes, forcing firefighters to evacuate the area around 1801 West Avenue and apply water to the neighboring homes. The quick thinking and diligent efforts of Chief Stowe and his department do not in any way diminish Appellant's culpability or the recklessness of his actions.

Based on the foregoing, conclude that the evidence was sufficient to establish the offense of Arson Endangering Persons.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/20/2017</u>