J-A23016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEON RAYMOND WALLS | |
| Appellant | No. 1488 WDA 2015 |

Appeal from the Judgment of Sentence August 13, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007810-2014

BEFORE:  LAZARUS, J., STABILE, J., and STRASSBURGER, J.[*]

CONCURRING STATEMENT BY LAZARUS, J.:     FILED: August 4, 2017

I agree with the majority's disposition of this case, but I write separately to express my concern with the recurring constitutional challenges to section 9727, and, in particular, with the difficulties facing sentencing courts in finding appropriate placement for defendants suffering from severe mental illness.

Here, a jury found Appellant guilty but mentally ill of attempted homicide, aggravated assault, and various other charges relating to victim Meadows, and not guilty by reason of insanity of the attempted homicide

_____

[*] Retired Senior Judge assigned to the Superior Court.

and reckless endangerment of victim Wright. The court imposed a mandatory minimum sentence of ten to twenty years' incarceration.[1]

Section 9727 of the Sentencing Code provides:

**(a)** **Imposition of sentence.**--A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is

_____

[1] 42 Pa.C.S.A. § 9714. Section 9714 provides:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9714(a)(1). Here, Walls had a prior conviction of voluntary manslaughter in California. Both criminal attempt-homicide and aggravated assault are defined as "crimes of violence" pursuant to section 9714(g).

I also note that our Supreme Court has granted allowance of appeal in in **Commonwealth v. Bragg**, 133 A.3d 328 (Pa. Super. 2016), which held the defendant could receive the mandatory minimum sentence under section 9714 for arson, based on a prior conviction for burglary, without the jury making a finding on the prior conviction. **See Commonwealth v. Bragg**, 143 A.3d 890 (Pa. 2016)(Mem). **See also Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa. Super. 2015) (section 9714, which provides for mandatory minimum sentences based on prior convictions, not rendered unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013)). The Pennsylvania Supreme Court's review is limited to the issue of whether the mandatory minimum sentence imposed under 42 Pa.C.S.A. § 9714 should be vacated, and the matter remanded for a new sentencing hearing, due to the fact that section 9714 is unconstitutional as currently drafted.

accepted under the provisions of 18 Pa.C.S. § 314 (relating to guilty but mentally ill) may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense. Before imposing sentence, the court shall hear testimony and make a finding on the issue of whether the defendant at the time of sentencing is severely mentally disabled and in need of treatment pursuant to the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the "Mental Health Procedures Act."[2]

**(b) Treatment.--**

(1) An offender who is severely mentally disabled and in need of treatment at the time of sentencing shall, ***consistent with available resources***, be provided such treatment as is psychiatrically or psychologically indicated for his mental illness. Treatment may be provided by the Bureau of Correction, by the county or by the Department of Public Welfare[3] in accordance with the "Mental Health Procedures Act."

(2) The cost for treatment of offenders found guilty but mentally ill, committed to the custody of the Bureau of Correction and transferred to a mental health facility, shall be borne by the Commonwealth.

42 Pa.C.S.A. § 9727(a), (b) (emphasis added).

At the August 13, 2015 sentencing hearing, the court stated:

I also want to state on the record that [the assistant district attorney] and [the assistant public defender] and myself have all spent a lot of time in the last week looking for and hoping to find an appropriate mental health facility where Mr. Walls can be treated. It is my strong belief that Mr. Walls is suffering from a serious mental illness, was at the day of the crime and still is. We have run up against a

---

[2] 50 P.S. § 7101 *et seq.*

[3] Now Department of Human Services; ***see*** 62 P.S. § 103.

> wall. There are no such facilities available in the state. . . . I did speak with the people at SCI-Waymart. They further indicated that although this Court may recommend the sentence, include SCI-Waymart, they were not bound by that recommendation. They indicated that Waymart is not a full-time placement, so that even if he were to go in and out of there, he would not remain there for the entirety of his sentence. . . . Unfortunately, it's very difficult for me to find someplace appropriate for you to go. The budgeting, and I know this isn't your fault, but they have just taken away so many resources, and what happens is that people that are mentally ill, since they have nowhere else to go, end up in jail.

N.T. Sentencing Hearing, 8/13/15, at 3-5.

In Pennsylvania, when an inmate enters a facility operated by the Department of Corrections (DOC), that inmate immediately undergoes a physical and mental health screening, which the DOC uses to create an individualized correctional plan.[4] It is the policy of the DOC to deliver a "broad continuum of mental health services to ensure that regardless of how major or minor the emotional disturbance, services are available to every

---

[4] Policy Statement, Commonwealth of Pennsylvania, Department of Corrections, January 12, 2017. The DOC collaborates with two major reviews of the mental healthcare system conducted by the U.S. Department of Justice and the Disability Rights Network of Pennsylvania. http://www.cor.pa.gov/Pages/search.aspx?searchBox=severe%20mental%20illness%20or%20severely%20mentally%20ill#.WWT1irHD8dU (last visited July 11, 2017). One fourth of Pennsylvania's male prison population struggles with a mental health disorder and eight percent have been diagnosed as seriously mentally ill. *Id.*

inmate in the Department."[5]     And yet, despite this Court's rejection of a claim that section 9727 violates state and federal constitutional prohibition of cruel and unusual punishment, *Yasipour*, *supra*, this particular defendant will not get the necessary treatment due to a lack of resources. There is a clear disconnect between the DOC's stated policy and the realities facing the sentencing judge here.   Thus, I concur.

STRASSBURGER, J., joins this concurring statement.

_____

[5]     Policy Statement, Commonwealth of Pennsylvania, Department of Corrections, March 9, 2015 http://www.cor.pa.gov/Pages/search.aspx?searchBox=13.8.1#.WWUFxLHD8dU  (last visited July 11, 2017).