J-S39008-17

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT H. REICH, | |
| Appellant | No. 1061 WDA 2016 |

Appeal from the Judgment of Sentence Entered May 4, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007920-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and STRASSBURGER, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.:  **FILED AUGUST 21, 2017**

I would conclude that the evidence was insufficient to sustain Appellant's conviction for robbery under 18 Pa.C.S. § 3701(a)(ii) (threatening immediate serious bodily injury).  Accordingly, I respectfully dissent.

I find the present case distinguishable from the decision on which the Majority relies, **Commonwealth v. Bragg**, 133 A.3d 328 (Pa. Super. 2016), *appeal granted on other grounds*, 143 A.3d 890 (Pa. 2016).  In that case, Bragg disguised his face, wore surgical gloves on his hands, sneered at the bank teller in a menacing tone, and then aggressively pounded his fists on the counter as he demanded the money.  Here, Appellant did not cover his

---

[*] Retired Senior Judge assigned to the Superior Court.

face or wear gloves on his hands, and he made no physically aggressive movements toward the bank teller. While Appellant twice threatened to "hurt" someone if the teller did not comply with his instructions, nothing in his conduct or words indicated that he was threatening **serious** bodily injury, rather than bodily injury.

This is true even though Appellant had his hand in his pocket, as there was no testimony or other evidence indicating that Appellant was pointing his finger, or positioning his hand in any other way, to suggest that he had a gun or other weapon. Thus, in my view, Appellant's non-specific threats of harm were insufficient to prove that he intended the bank teller to believe she faced a "substantial risk of death" or injury that would "cause[] serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." ***Commonwealth v. Kubis***, 978 A.2d 391, 398 (Pa. Super. 2009) ("The law of this Commonwealth defines serious bodily injury as 'bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.'").

I also stress that the Majority's decision in this case, and this Court's holding in ***Bragg***, essentially eviscerate the crime of robbery as defined in 18 Pa.C.S. § 3701(a)(iv) ("A person is guilty of robbery if, in the course of committing a theft, he: … inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury."). Under the reasoning of the present Majority, and the panel in ***Bragg***, I fail

to see what type of conduct could possibly constitute a threat of bodily injury. Instead, any words spoken, or actions taken, during the course of a theft can now be construed as threats of **serious** bodily injury. Such a result is clearly not what the legislature intended, as they created **two separate** robbery offenses in sections 3701(a)(ii) and 3701(a)(iv).

Therefore, I dissent.[1]

---

[1] I also point out that Appellant received a mandatory minimum term of 10 years' incarceration under 42 Pa.C.S. § 9714, the constitutionality of which is currently being reviewed by our Supreme Court. **See Commonwealth v. Bragg**, 143 A.3d 890 (Pa. 2016) (per curiam order) (stating issue accepted for review, as follows: Should the mandatory minimum sentence imposed by the trial court under 42 Pa.C.S.A. § 9714 be vacated, and this matter remanded for a new sentencing hearing, due to the fact that § 9714 is unconstitutional as currently drafted?"). As of the filing date of this case, no decision has been issued in **Bragg**; thus, we are bound by this Court's prior conclusion that section 9714 is constitutional. **See Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa. Super. 2015) (holding that section 9714 is not unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013)); **Commonwealth v. Slocum**, 86 A.3d 272, 278 n.9 (Pa. Super. 2014) ("This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court."). However, Appellant may certainly petition for allowance of appeal with our Supreme Court on the basis that his mandatory minimum sentence may be illegal, depending on the outcome of **Bragg**.