J-S57015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE LAMAR JACKSON | |
| Appellant | No. 921 EDA 2016 |

Appeal from the Judgment of Sentence October 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007006-2012

BEFORE:   PANELLA, J., SOLANO, J., and MUSMANNO, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED NOVEMBER 08, 2017**

Appellant, Tyree Jackson was charged with, among others, attempted murder, aggravated assault, robbery, burglary, conspiracy, and possession of an instrument of crime, based upon allegations that he and a co-defendant, Tyrik Lark,[1] robbed and shot Luther Wilkinson inside his own home. A jury found Jackson guilty only of aggravated assault, robbery, burglary, and the possessory crimes. In this appeal, Jackson argues that the mandatory minimum sentence imposed by the court was illegal. After careful review, we affirm.

---

[1] Lark's appeal is docketed at 3039 EDA 2015.

As Jackson's two issues both challenge the court's imposition of a mandatory minimum sentence, we need not set forth a detailed summary of trial testimony. Instead, we will focus on the sentence imposed.

At the sentencing hearing, the court found Jackson had a previous conviction for attempted murder when he was 18 years old. Thus, the court concluded that this was Jackson's "second strike", and imposed a mandatory minimum sentence of 10 years of imprisonment pursuant to 42 Pa.C.S.A. § 9714.

On appeal, Jackson raises two distinct challenges to the imposition of the mandatory sentence. First, he contends the court's imposition of a mandatory minimum sentence based upon its own fact finding, and not the jury's, violated the dictates of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (holding judicial fact finding that leads to the imposition of a mandatory minimum sentence is unconstitutional).

Jackson concedes his arguments are contrary to precedent that controls our decision. ***See*** Appellant's Brief, at 13; ***see also Commonwealth v. Bragg***, 133 A.3d 328 (Pa. Super. 2016). However, he asserts that his is "a good faith argument for a change in existing law." ***Id***. He notes that the Supreme Court of Pennsylvania granted the petition for allowance of appeal in ***Bragg*** to review the issue of the constitutionality of § 9714. ***See id***., at 13-14. Specifically, the Supreme Court defined the issue before it as: "Should the mandatory minimum sentence imposed by the trial

court under 42 Pa.C.S.A. § 9714 be vacated, and this matter remanded for a new sentencing hearing, due to the fact that § 9714 is unconstitutional as currently drafted?" ***Bragg***, 143 A.3d 890 (Pa. 2016).

However, during the pendency of this appeal, our Supreme Court summarily affirmed this Court's decision in ***Bragg***. ***See*** --- A.3d ---, 2017 WL 3596177 (Pa. 2017) (*per curiam* order). While we appreciate Jackson's good faith and transparent advocacy for a change in existing law, we are bound by controlling precedent. Specifically, this Court in ***Bragg*** recognized that the Supreme Court of the United States has held judicial fact finding regarding the existence of prior convictions is not prohibited. ***See*** 133 A.3d 332-333.

As this Court has held that § 9714 is not unconstitutional, neither of Jackson's issues on appeal have merit. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2017

- 3 -