J-S46015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNY WHITE | : | |
| | : | |
| Appellant | : | No. 1575 EDA 2018 |

Appeal from the Judgment of Sentence April 27, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011266-2016

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED NOVEMBER 15, 2019**

Kenny White appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction for robbery. White challenges the trial court's denial of his pre-trial motion to suppress identification evidence offered against him as well as the legality of his sentence. Upon review, we affirm.

On October 9, 2016, Waheed Ejaz was working at a 7-Eleven convenience store at 23 West Girard Avenue in Philadelphia. At about 2:30 a.m., White walked up to the cash register and ordered Ejaz to open the register. Ejaz attempted to stall White in order to draw the attention of two co-workers who were taking a dinner break in the store.

_____

[*] Retired Senior Judge assigned to the Superior Court.

White then indicated he had a gun in his pocket. Ejaz was able to see the barrel and handle of what he believed to be a gun when White began to pull it out of his pocket. Ejaz became afraid and bent down to attempt to run. When Ejaz ducked, White walked out of the store. Ejaz then told another employee to call the police.

Philadelphia Police Officer Justin Barr was on duty and received a radio call about the robbery. When he arrived at the store, Ejaz provided a full description of the perpetrator, describing him as a male of medium complexion, wearing a gray hooded sweatshirt, gray pants, and a gray hat. Officer Barr broadcasted that description over the police radio.

Approximately three hours later, Police Officer John Bender was responding to a call from an unrelated incident in the same area as the 7-Eleven incident when he apprehended a suspect who matched the description given by Ejaz. Officer Bender notified Officer Barr, who promptly escorted Ejaz to the location where White was being held. Ejaz thereupon identified White as person who ordered him to open the cash register.

White was subsequently arrested and charged with robbery. During a pretrial hearing, counsel for White made a motion to suppress the out-of-court show-up identification as well as preclude any corresponding in-court identification. He argued that the out-of-court show-up was unduly suggestive and that a subsequent in-court identification would be tainted as well. The court denied the motion, finding there was nothing in the record to suggest

the police officers acted in an unreasonable manner, or that the show-up identification was unduly suggestive.

A jury trial was held which resulted in White being found guilty of robbery. At the sentencing hearing, after reviewing a presentence report, the court determined that this was White's second offense[1], and imposed a mandatory sentence of ten to twenty years' incarceration pursuant to 42 Pa.C.S.A. § 9714.

White filed a post-sentence motion arguing the verdict was against the weight of the evidence. Specifically, he argued the differences between the description provided by Ejaz and White's actual appearance were so significant that a conviction based upon such an identification shocked one's conscience. The trial court denied the motion. This timely appeal followed.

White's first issue on appeal is a challenge to the trial court's suppression ruling.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the

---

[1] The trial court acknowledged that defense counsel had agreed this was a second strike. **See** N.T., Sentencing, 4/27/2018, at 3. Defense counsel then specifically conceded the lack of the court's sentencing discretion. **See id.**, at 4-5. White made no objections and did not dispute his prior conviction. **See id.**, at 5 (responding "no" when asked whether he had anything he would like to say before sentence was imposed). The trial court then imposed a section 9714 mandatory minimum sentence.

suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted).

White contends that it was error for the lower court to refuse to suppress the out-of-court show-up identification procedures because they were so unduly suggestive as to render them unreliable. The corollary of this claim is that the in-court identification should have been precluded as irretrievably tainted by the suggestive initial identification procedures.

> In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable. The purpose of a "one on one" identification is to enhance reliability by reducing the time elapsed after the commission of the crime. *Suggestiveness in the identification process is but one factor to be considered in determining the admissibility of such evidence and will not warrant exclusion absent other factors*. As this Court has explained, the following factors are to be considered in determining the propriety of admitting identification evidence: the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation. The corrupting effect of the suggestive identification, if any, must be weighed against these factors. Absent some special element of unfairness, a prompt one on one identification is not so suggestive as to give rise to an irreparable likelihood of misidentification.

*Commonwealth v. Moye*, 836 A.2d 973, 976 (Pa. Super. 2003) (citations and most internal quotation marks omitted; emphasis added).

White's argument appears to find the circumstances of this case to have been unduly suggestive because it involved a one-on-one confrontation

between the witness and a single suspect, White, more than two hours after the incident, during which White was in handcuffs and standing next to an officer in front of a police car.

We find none of White's arguments establish that the identification was tainted by suggestiveness. The facts outlined above indicate that Ejaz's prompt complaint enabled the police to use the description provided to track down and locate White soon after the robbery. Less than three hours after the crime, the police were able to present White for a viewing by Ejaz. This is proper procedure. Absent some special element of unfairness, prompt, one-on-one identification is not *per se* violative of the accused's constitutional rights, even where the accused is viewed in proximity to the crime, handcuffed, and in the presence of police. **See Commonwealth v. Allen**, 429 A.2d 1113, 1120-1121 (Pa. Super. 1981) (defendants handcuffed in back of police van, identified a little more than an hour after the crime); **see also Moye**, 836 A.2d at 977.

Also unavailing is White's argument that the identification was suggestive because Ejaz gave conflicting descriptions of the perpetrator, one of which did not match White's actual appearance. Evidence of identification is not required to be certain or unimpeachable to sustain a conviction. **See Commonwealth v. Jones**, 954 A.2d 1194, 1197 (Pa. super. 2008). White's claim goes to the weight, not the sufficiency, of the identification testimony. **See id**. A fair reading of the record shows that although Ejaz later gave a

conflicting description of the perpetrator to a detective, White matched the description Ejaz provided to the police immediately after the incident, which was transmitted over police radio. *See* N.T., 10/4/2017, at 20-21, 28. Around three hours later, police apprehended a man matching that description in the same general area and promptly brought Ejaz for a show-up identification in a well-lit area, at which he unequivocally identified White as the robber.

We conclude the record supports the suppression court's determination that Ejaz's out-of-court identification was reliable. Finding nothing in the record indicates the pretrial proceedings were tainted, we need not reach the related question of whether the in-court identification is inadmissible based on the suggestiveness of the out-of-court identifications and lacking an independent basis. *See Commonwealth v. Hughes*, 555 A.2d 1264, 1273 n.7 (Pa. 1989). Accordingly, the trial court did not err in denying White's motion to suppress.

In his second and final issue, White argues that his sentence is illegal because the mandatory minimum sentencing provisions employed by the trial court are unconstitutional. Specifically, White contends 42 Pa.C.S.A. § 9714 is unconstitutional as written under the dictates of *Alleyne v. United States*, 570 U.S. 99 (2013) (holding any fact, other than a prior conviction, that increases a mandatory minimum sentence is considered an element of the crime and must be submitted to the jury and proven beyond a reasonable doubt).

White concedes his arguments are contrary to precedent that controls our decision. *See* Appellant's Brief, at 40-41; *see also Commonwealth v. Bragg*, 133 A.3d 328, 333 (Pa. Super. 2016); *aff'd, per curiam*, *Commonwealth v. Bragg*, 169 A.3d 1024 (Pa. 2017). However, White asserts his is a "good faith argument" for change in existing law based on the reasoning set out in *Alleyne* and the faulty underpinnings of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

While we appreciate White's good faith argument regarding recent development in constitutional law that is at odds with the narrow exception for prior convictions, *Almendarez-Torres* and *Bragg* nevertheless remain good law[2], and as an intermediate appellate court we are bound by controlling precedent.

*Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses. *See id.*, at 2160 n.1; *see also Almendarez-Torres*, 523 U.S. at 243-44. Because the United States Supreme Court did not overturn the *Almendarez-Torres* exception, the *Alleyne* rule includes the prior conviction exception. *See Alleyne*, 570 U.S. at 2160 n.1; *see also Almendarez-Torres*, 523 U.S. at 243-44.

_____

[2] As *Almendarez-Torres* remains good law, we will not disregard it unless and until the Supreme Court holds to the contrary. *See U.S. v. McDowell*, 745 F.3d 115, 124 (4th Cir. 2014). Further, we are bound by *Bragg*. *See Czimmer v. Janssen Pharmaceuticals, Inc.*, 122 A.3d 1043, 1063 n.19 (Pa. Super. 2015).

The constitutionality of Section 9714 has been specifically considered and upheld by this Court. *See **Commonwealth v. Reid***, 117 A.3d 777, 784-85 (Pa. Super. 2015) (acknowledging the ***Alleyne*** decision retained the exception for prior convictions and thus held that Section 9714 is not unconstitutional because it increases mandatory minimum sentences based on prior convictions); *see also **Bragg***, 169 A.3d at 333 (holding a mandatory minimum sentence under Section 9714 for a person who had a prior conviction for a crime of violence was permissible based on our holding in ***Reid***).

Further, our Supreme Court addressed this exact question when it affirmed this Court's holding in ***Bragg*** in a *per curiam* order after granting the petition for allowance of appeal to review the issue of the constitutionality of Section 9714. *See **Bragg***, 169 A.3d at 1024.

As our controlling precedent holds that Section 9714 is not unconstitutional, White's second issue merits no relief.[3]

Having found no merit in White's arguments on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[3] Although we are bound by controlling precedent, we acknowledge White's efforts to preserve this issue for further review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/15/19</u>