J-S39034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VICTOR A. ORTIZ | : | |
| | : | |
| Appellant | : | No. 564 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 17, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003306-2019

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: FEBRUARY 22, 2023**

Appellant Victor A. Ortiz appeals from the judgment of sentence imposed following his convictions for firearms not to be carried without a license, discharge of a firearm into an occupied structure, and recklessly endangering another person (REAP).[1]  Appellant challenges the sufficiency of the evidence supporting his convictions.  We affirm.

The underlying facts of this matter are well known to the parties.  *See* Trial Ct. Op., 6/30/22, at 1-6.  Briefly, Appellant was arrested and charged with multiple offenses after a firearm was recovered from a vehicle during a traffic stop.  *See id.*

At trial, the Commonwealth presented testimony from several witnesses, who stated that shots were fired into an occupied rowhome at 515

---

[1] 18 Pa.C.S. §§ 6106(a)(1), 2707.1(a), and 2705, respectively.

Perry Street in Reading, Pennsylvania at approximately 3:30 a.m. on March 9, 2018. N.T. Trial, 3/14/22, at 8. The owner of the home woke up after hearing gunshots and noticed damage to his residence that was consistent with bullet holes. *Id.* at 12-16.

The Commonwealth also presented then-Reading Police Department Officer Yisleidy Minaya, who testified that she was on routine patrol on March 9, 2018, at approximately 3:30 a.m. *Id.* at 23. At that time, Officer Minaya testified that she received a call that shots were fired into a nearby home and that the vehicle involved in the shooting was a black Toyota Prius. *Id.* at 24-25. Officer Minaya stated that approximately five minutes after the initial report, she observed a vehicle matching that description and initiated a traffic stop. *Id.* at 25-27. Upon her approach, Officer Minaya observed that there were two people in the front seats and that Appellant was the only person occupying the back seat of the vehicle. *Id.* at 29, 31-32.

After Reading Police Officer James Gresh arrived at the scene, the officers instructed the occupants to exit the vehicle and conducted a search. *Id.* at 32. As a result of the search, police recovered a small Taurus .45 caliber firearm from the trunk area directly behind the rear seat on the driver side, which was wrapped in a piece of clothing and the "slide was locked back as if it was completely used, out of ammunition." *Id.* at 33, 69-70.

Both officers testified that the trunk was easily accessible from the rear passenger seat. Specifically, Officer Minaya described the vehicle as having an "open trunk" that is "easily accessible from the rear seat" and stated that

a person seated in that area could reach into the trunk. *Id.* at 33. Officer Minaya also explained that she did not observe Officer Gresh having any difficulties putting down one of the rear seats in order to access the trunk from the rear seating area. *Id.* at 36. During cross-examination, Officer Minaya further described the vehicle as a hatchback where there was no cover stretched between the rear seat and the hatch. *Id.* at 57. Additionally, Officer Gresh testified that the trunk is "easily accessible from the rear of the vehicle. There's nothing preventing you from reaching the trunk." *Id.* at 69-70.

Ultimately, a jury convicted Appellant of the above-referenced offenses.[2] On March 17, 2022, the trial court imposed an aggregate sentence of 52 months to 132 months' incarceration, to be followed by a period of 24 months' probation. Appellant did not file any post-sentence motions. On April 12, 2022, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

1. Whether there was sufficient evidence to sustain the conviction on the charge of firearms not to be carried without a license where the Commonwealth failed to establish beyond a reasonable doubt that the Appellant was even in physical possession of a Taurus PT145PRO firearm while inside a black Toyota Prius or was even aware that a Taurus PT145PRO

---

[2] The Commonwealth also charged Appellant with conspiracy to commit the following offenses: firearms not to be carried without a license, discharge of a firearm into an occupied structure, and recklessly endangering another person. *See generally* 18 Pa.C.S. § 903. The jury acquitted Appellant of the conspiracy charges.

firearm was located inside the trunk area of the black Toyota Prius?

2. Whether there was sufficient evidence to sustain the conviction on the charge of discharge of a firearm into an occupied structure where the Commonwealth failed to establish beyond a reasonable doubt that the Appellant fired a Taurus PT145PRO firearm into a residence located at 515 Perry Street, Reading, PA while inside a black Toyota Prius as no witness observed where from inside the vehicle the shots came from or if the Appellant was actually inside the vehicle at the time of the reported shots fired?

3. Whether there was sufficient evidence to sustain the conviction on the charge of [REAP] where the Commonwealth failed to establish beyond a reasonable doubt that the Appellant fired a Taurus PT145PRO firearm into a residence located at 515 Perry Street, Reading, PA while inside a black Toyota Prius as no witness observed where from inside the vehicle the shots came from or if the Appellant was actually inside the vehicle at the time of the reported shots fired?

Appellant's Brief at 5-6 (formatting altered).

Initially, we note that although Appellant raises three issues for review, he has only included one argument section in his brief. *See* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). Additionally, Appellant's entire argument section is dedicated to his first claim of error concerning firearms possession, and there is no discussion regarding his remaining claims. *See Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (stating that "[t]he Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority" (citations omitted)). Therefore, although Appellant's failure to comply with the Rules of Appellate Procedure does not impede our review of Appellant's first issue, we

- 4 -

conclude that Appellant's second and third issues are waived. ***See Commonwealth v. Levy***, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure where the errors did not impede this Court's review); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (explaining that when an appellant fails to properly raise and develop issues in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived). Our disposition is without prejudice to Appellant's right to raise a collateral challenge to his convictions.

In his first claim, Appellant challenges the sufficiency of the evidence supporting his conviction for carrying a firearm without a license. Appellant's Brief at 26-27. In support, Appellant argues that "at most, the evidence showed that he was merely present in another person's vehicle that contained a weapon[.]" ***Id.*** Appellant notes that "the recovered firearm was not registered to [] Appellant and his fingerprints were not found on it." ***Id.*** at 27. Further, he asserts that his "access to and control over the area in which the weapon was found was equal to either the driver or the front seat passenger." ***Id.*** Finally, Appellant argues that the firearm was not in plain sight and was instead found after police searched the trunk of the car. ***Id.*** Therefore, Appellant concludes that there is insufficient evidence to establish constructive possession. ***Id.***

In reviewing Appellant's claim, our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Bragg***, 133 A.3d 328, 330-31 (Pa. Super. 2016) (citation omitted).

Pursuant to Section 6106 of the Crimes Code, "[a]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). "[T]o establish a violation of [S]ection 6106, the Commonwealth must establish that a defendant acted intentionally, knowingly or recklessly with respect to each element . . . ." ***Commonwealth v. Scott***, 176 A.3d 283, 291 (Pa. Super. 2017) (citations and quotation marks omitted).

The Commonwealth may meet its burden by proving constructive possession beyond a reasonable doubt and may do so using circumstantial evidence of a defendant's possession of the item at issue. *Commonwealth v. Bowens*, 265 A.3d 730, 741 (Pa. Super. 2021) (*en banc*), *appeal denied*, 279 A.3d 508 (Pa. 2022). This Court has defined constructive possession as follows:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted).

"The evidence must show a nexus between the accused and the item sufficient to infer that the accused had the power and intent to exercise dominion and control over it." *Commonwealth v. Peters*, 218 A.3d 1206, 1209 (Pa. 2019) (citation omitted). "Dominion and control means the defendant had the ability to reduce the item to actual possession immediately or was otherwise able to govern its use or disposition as if in physical possession." *Id.* (citations omitted). Further, a defendant's power and intent to control does not need to be exclusive. *See Commonwealth v. Johnson*, 26 A.3d 1078, 1094 (Pa. 2011) (explaining that "constructive possession may

be found in one or more actors where the item in issue is in an area of joint control and equal access" (citation and brackets omitted)).

However, our Supreme Court has cautioned that "[m]ere presence or proximity to the contraband is not enough." *Peters*, 218 A.3d at 1209 (citations omitted); *see also Commonwealth v. Parrish*, 191 A.3d 31, 37 (Pa. Super. 2018) (stating that "the location and proximity of an actor to the contraband alone is not conclusive of guilt. Rather, knowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession" (citations omitted)).

Here, the trial court addressed Appellant's claim as follows:

In the instant matter, viewing the record in the light most favorable to the Commonwealth as the verdict-winner, we find that the evidence was sufficient to secure a conviction of Appellant on the charges to which the jury found him guilty. Appellant was found as the rear seat passenger in a vehicle, matching the description of the vehicle involved in the shots fired incident shortly afterward. When the officers searched the vehicle, they found a firearm in the trunk area behind the seat where Appellant was sitting. The rear driver's side seat had open access to the trunk area where the firearm was found. Markings on the shell casings found at the scene matched those from the firearm found during the search of the vehicle. The officers who search[ed] both the vehicle and its occupants did not find any other firearms. The evidence, while circumstantial, was not so deficient that the jury could not resolve any doubt as to Appellant's guilt.

Trial Ct. Op. at 9-10 (some capitalization omitted).

Following our review of the record and viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court that there

was sufficient evidence to establish that Appellant constructively possessed the firearm recovered from the vehicle. ***See Bragg***, 133 A.3d at 330-31. As noted previously, Appellant was the only person in the back seat of the vehicle, and could "easily access" the firearm that was recovered in the trunk of the hatchback vehicle. ***See*** N.T. Trial at 29-33, 36. Moreover, the record reflects that Appellant did not have a license to legally possess a firearm. ***See id.*** at 149. Additionally, because Officer Minaya stopped the vehicle approximately five minutes after the initial report of a shooting and there were no other cars in the area, it was reasonable for the jury to infer that Appellant was aware of the gun in the trunk. ***See id.*** at 24-25. Therefore, based on the totality of these circumstances, the Commonwealth has carried its burden of proving that Appellant constructively possessed a firearm without a license. ***See Bragg***, 133 A.3d at 330-31; ***Hopkins***, 67 A.3d at 820; ***see also Parrish***, 191 A.3d at 37.

Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023