J-S61040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL MCCLENTON, | |
| Appellant | No. 2530 EDA 2016 |

Appeal from the PCRA Order June 27, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005997-2009

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 05, 2017**

Appellant, Michael McClenton, appeals from the order denying in part his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Specifically, he claims the court erred when it denied his ineffective assistance of counsel claim, and that it imposed an illegal sentence. We affirm.

We take the factual and procedural history of this case from our review of the certified record and the PCRA court's December 15, 2016 opinion. On June 7, 2011, a jury found Appellant guilty of attempted burglary, conspiracy and criminal trespass.[1] Sentencing was continued until August 12, 2011, at

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 903(a)(1), 3503(a)(1)(i).

the request of the Commonwealth, to determine whether Appellant's burglary conviction constituted a "third strike" under the sentencing guidelines. (**See** N.T. Sentencing, 8/12/11, at 4). The trial court determined that the conviction constituted a "second strike" and sentenced him accordingly to not less than ten nor more than twenty years of imprisonment for attempted burglary, a consecutive sentence of not less than five nor more than ten years for criminal conspiracy, and imposed no further penalty on the charge of criminal trespass because it found that charge merged with the attempted burglary conviction. (**See id.** at 47-48); **see also** 42 Pa.C.S.A. § 9714(a)(1). On September 19, 2012, this Court affirmed the judgment of sentence. (**See Commonwealth v. McClenton**, No. 2392 EDA 2011 (Pa. Super. filed Sept. 19, 2012) (unpublished memorandum)). On June 19, 2013, our Supreme Court denied allowance of appeal. (**See Commonweath v. McClenton**, 69 A.3d 243 (Pa. 2013)).

On September 10, 2014, Appellant filed a timely counseled first PCRA petition, arguing that his sentence was illegal because he was sentenced to two inchoate crimes for conduct designed to commit the same crime, and also alleging two claims of ineffective assistance of trial counsel. On September 14, 2015, the Commonwealth filed a motion to dismiss. The Commonwealth concluded that Appellant was sentenced in error for both inchoate crimes. However, it rejected all of Appellant's other claims and urged the court to dismiss the petition without a hearing.

On October 30, 2015, the PCRA court issued notice of its intent to dismiss Appellant's petition because, with the exception of the illegal sentence claim, the issues raised were without merit. *See* Pa.R.Crim.P. 907(1). Appellant filed a response to the court's notice on November 19, 2015.

On March 4, 2016, the court conducted a resentencing hearing. During this hearing, at Appellant's request, the PCRA court permitted him to testify regarding his ineffective assistance of counsel claim. (*See* N.T. Sentencing, 3/04/16, at 7-22). At the conclusion of the hearing, the court vacated its sentence of not less than five nor more than ten years of imprisonment on the charge of criminal conspiracy, and denied Appellant's ineffective assistance of counsel claims. (*See id.* at 25).[2]

On July 21, 2016, Appellant filed a timely notice of appeal. The court did not direct Appellant to file a concise statement of errors complained of on appeal. It entered an opinion on December 15, 2016, in which it explained that it found Appellant not credible, and so denied his claims of ineffective assistance of counsel. *See* Pa.R.A.P. 1925.

Appellant raises two issues on appeal:

I. Whether the PCRA court erred when it failed to hold an evidentiary hearing on the claim of ineffective assistance of

---

[2] The court initially held the resentencing hearing on March 4, 2016; however, because of unspecified technical reasons, the results were not properly entered, so it conducted a second hearing on June 27, 2016. (*See* N.T. Sentencing, 6/27/16, at 3). The PCRA court's decision was the same in both hearings. (*Compare id.* at 4; N.T. Sentencing, 3/04/16, at 25).

trial counsel for failure to give reasonable professional advice in connection with a very generous plea offer?

II. Whether the sentence of [not less than ten nor more than twenty] years [of imprisonment] imposed pursuant to 18 [Pa.C.S.A. §] 901 and 42 [Pa.C.S.A. §] 9714 is a sentence that is illegal and unconstitutional because it was imposed for an aggravated crime without adequate pre-trial notice set forth in the information?

(Appellant's Brief, at 2) (unnecessary capitalization omitted).

In his first issue, Appellant contends that the PCRA court erred when it denied, without a hearing, the ineffective assistance of counsel claims in his PCRA petition. (*See id.* at 12-22). Appellant argues that he is entitled to relief because counsel failed to give accurate advice with respect to a plea offer, which he claims he would have accepted if he "had been aware of the hazards of rejecting it." (*Id.* at 16). We disagree.

Our standard of review of a court's denial of a PCRA petition is well-settled.

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the

- 4 -

PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

. . . [A] post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:

[B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super. 2015), *appeal denied*, 140 A.3d 13 (Pa. 2016) (quoting *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012)).

. . . [N]othing prevents a PCRA petitioner from meeting his burden under *Lafler* with "his own self-serving statement" that he would have entered a guilty plea but for counsel's ineffectiveness. **As long as the PCRA court finds the petitioner's testimony to be credible**, there is no coherent justification for characterizing such evidence as inherently deficient as a matter of law. . . .

*Steckly*, *supra* at 832 (emphasis added). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

Here, having reviewed the PCRA petition, and having heard Appellant's testimony and determined it lacked credibility, the PCRA court concluded that Appellant did not "provide sufficient evidence that trial counsel failed to inform [him] that he was subject to a mandatory minimum under a 'second strike.'" (PCRA Ct. Op., at 6; *see id.* at 6-7). The court explained that "[Appellant's] own statements do not meet the burden of proof required to overcome the assumption that counsel was effective and demonstrate that his claims have arguable merit." (*Id.* at 7). Because the PCRA court's credibility determinations are supported by the record, they are binding on this Court. *See Spotz*, *supra* at 259. Based on the foregoing, we agree with the court's conclusion that Appellant has not demonstrated that counsel rendered ineffective assistance with respect to the guilty plea. *See Steckley*, *supra* at 832; *Miller*, *supra* at 992.

Furthermore, it is apparent from the record that, although the PCRA court did not hold an evidentiary hearing, it permitted Appellant to testify on March 4, 2016, and carefully and thoroughly examined Appellant's ineffectiveness claims and concluded that they lacked merit. (*See* PCRA Ct. Op., at 5-7). After reviewing Appellant's claims in light of the certified record, we discern no abuse of discretion in the PCRA court's decision to decline to

hold a hearing. *See Miller*, *supra* at 992. Appellant's first issue does not merit relief.

In his second issue, Appellant alleges that his sentence is illegal because section 9714 is unconstitutional. (*See* Appellant's Brief, at 23-26). He argues that because he did not receive notice of its applicability in the criminal information "it seems reasonable to assume that 42 [Pa.C.S.A. §] 9714 is unconstitutional[.]" (*Id.* at 25). He also appears to claim that the statute was rendered unconstitutional following the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). (*See id.* at 23-26 (citing *Commonwealth v. Bragg*, 133 A.3d 328, 333 (Pa. Super. 2016), *appeal granted in part*, 143 A.3d 890 (Pa. 2016), *and aff'd*, *per curiam*, *Commonwealth v. Bragg*, 2017 WL 3596177 (Pa. filed Aug. 22, 2017)).[3] We disagree.

In *Bragg*, a panel of this Court concluded that under an exception to *Alleyne* for prior convictions, an appellant could receive a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714(a)(1) for an offense constituting a crime of violence without a jury finding the fact of the prior conviction. *See Bragg*, *supra* at 333. On August 22, 2017, our Supreme Court affirmed this Court's holding. Thus, Appellant's argument, premised on

_____

[3] At the time of briefing, our Supreme Court had granted allowance of appeal, but had not issued its ruling in *Bragg*. Appellant's reply brief, which was filed after our Supreme Court affirmed *Bragg*, fails to acknowledge that the Court affirmed this Court's holding. (*See* Appellant's Reply Brief, at 4).

the assumption that our Supreme Court would overturn ***Bragg***, does not merit relief.

Additionally, to the extent that Appellant argues that his sentence is illegal because the information did not give him notice of the applicability of section 9714, his argument is waived and would lack merit.

Preliminarily, we observe that Appellant failed to provide legal citation and discussion thereof, in support of his claim, in violation of Pennsylvania Rules of Appellate Procedure 2119(a) and (b). (***See*** Appellant's Brief, at 25-26); Pa.R.A.P. 2119(a)-(b) (requiring Appellant to provide pertinent citation to legal authority and discussion thereof). Therefore, Appellant's argument concerning the unconstitutionality of section 9714, based on a lack of notice is waived. ***See Rettger v. UPMC Shadyside***, 991 A.2d 915, 932 (Pa. Super. 2010), *appeal denied*, 15 A.3d 491 (Pa. 2011) (finding issue waived where appellant failed to cite any law in support of issue); Pa.R.A.P. 2101.

Moreover, even if Appellant had properly argued this issue it would not merit relief. Pursuant to the language of the statute, the Commonwealth is not required to give notice of its applicability prior to conviction, but should give reasonable notice before sentencing. ***See*** 42 Pa.C.S.A. § 9714(d) ("Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.").

Here, sentencing, which had been scheduled on July 26, 2011, was continued until August 12, 2011, at the request of the Commonwealth, for it to determine whether this conviction qualified as a third or second strike under 42 Pa.C.S.A. § 9714. (*See* N.T. Sentencing, 8/12/11, at 4). Thus, Appellant had notice that, at a minimum, this conviction would constitute a second strike. Because the Commonwealth's notice complied with the statute, Appellant has not shown that his sentence pursuant to section 9714 is illegal. Therefore, even if it were not waived Appellant's second issue would not merit relief.

Accordingly, we conclude that Appellant has not met his burden of proving that he is entitled to relief. The PCRA court's determination is supported by the record and free of legal error. Therefore, we affirm the decision of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2017

- 9 -