J-S24043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA

v.   :

TERRANCE PITTS   :

      Appellant   :   No. 1420 EDA 2018

Appeal from the Judgment of Sentence March 18, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004604-2012

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:       **FILED JULY 02, 2019**

Appellant, Terrance Pitts, appeals *nunc pro tunc* from the judgment of

sentence entered by the Court of Common Pleas of Philadelphia County. He

contends the court imposed an illegal sentence by applying an increased

mandatory minimum sentence based on his prior felony conviction without

submitting the fact of the prior conviction to a jury. We affirm.

By way of background, we reproduce the trial court's Pa.R.A.P. 1925(a)

opinion, which sets forth the facts and procedural history pertinent to

Appellant's appeal:

> [The present matter] arose out of an incident that occurred on
> December 7, 2011. On that date, at about 12:40 p.m., Drechai
> Rivers was inside her home when she heard a loud bang at her
> back door, which startled her. She went to her back door and
> observed that it had been kicked in and that her door frame was
> in pieces. She also saw Appellant in her back yard and watched
> him jump a fence that led into an alley behind her residence. Ms.
> Rivers called 911 and when the police arrived, she described

_____

*   Former Justice specially assigned to the Superior Court.

Appellant to the police, who thereafter alerted other officers to be on the look-out for Appellant.

Later that day, Ms. Rivers spoke to a neighbor named Lorraine Evans about the incident and described Appellant to her. Ms. Evans told Ms. Rivers that she would keep a watch out for Appellant. Less than ten minutes after speaking to Ms. Evans, Ms. Rivers saw Appellant in her back yard. Ms. Evans saw Appellant in her back yard. Ms. Evans also saw Appellant from her home. Ms. Rivers ran outside and called the police. In addition, Ms. Evans told her boyfriend and her son about what was occurring and they began chasing Appellant.

When the police arrive[d], they apprehend[ed] Appellant, who had gone onto a porch of a nearby resident to blend in with the persons present. Appellant stated that he was looking for a friend's house. Appellant was then identified by Ms. Rivers and Ms. Evans and taken into custody. At the time of his apprehension, he had a bag in his possession that contained gloves, a screwdriver, and a flashlight, items that could be considered burglary tools.

. . .

On January 14, 2016, following a jury trial before [the trial court], Appellant was found guilty of Attempted Burglary, graded as a felony of the first degree, 18 Pa.C.S. § 901, and Attempted Criminal Trespass, graded as a felony of the second degree, 18 Pa.C.S. § 901. On March 18, 2016, [the trial court] imposed concurrent sentences on Appellant of ten to twenty years' and five to ten years' incarceration on the Attempted Burglary and Attempted Criminal trespass, respectively. The sentence imposed on the Burglary conviction was imposed pursuant to 42 Pa.C.S. § 9714, the second strike law, because Appellant had been previously convicted of a crime of violence.

Following imposition of sentence, Appellant filed a notice of appeal. Appellant withdrew the appeal on November 2, 2016. Prior to withdrawing the appeal, which had been untimely filed, Appellant filed a petition to the Post-Conviction relief Act, 42 Pa.C.S. § 9541 *et seq.*, that culminated in the issuance of an order on April 30, 2018, permitting him to file a notice of appeal *nunc pro tunc*.

Appellant filed the notice on May 6, 2018. On May 28, 2018, Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement. In his 1925(b) statement, Appellant argues that the mandatory sentence of ten to twenty years' incarceration imposed pursuant to 42 Pa.C.S. § 9714 is illegal because § 9714 is unconstitutional as it imposes an enhanced sentence predicated on prior convictions but does not does not [sic] require a jury to determine [beyond a reasonable doubt] whether a defendant['s] prior convictions trigger the implementation of the statute. . . .

Trial Court Opinion, 8/22/18, at 2-3, 1-2.

Appellant asks this Court to vacate his mandatory minimum sentence imposed pursuant to 42 Pa.C.S.A. § 9714[1] and remand for a new sentencing

---

[1] That statute reads, in pertinent part:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary....
....

**(d) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction

hearing. Specifically, he contends Section 9714 is unconstitutional because it increases a mandatory minimum sentence based on the fact of a prior conviction of an enumerated crime of violence without a jury finding that fact proven beyond a reasonable doubt. Appellant's brief, at 4. Appellant's argument is without merit.

When determining the legality of one's sentence, this Court applies a well-settled scope and standard of review:

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Poland*, 26 A.3d 518, 523 (Pa.Super. 2011) (citations omitted).

In *Alleyne v. United States*, 570 U.S. 99 (2013), the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury." *Id.* at 116. *Alleyne*, however, did not disturb the High Court's previously recognized exception that the fact of a prior conviction offered to increase a mandatory minimum sentence does

---

be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated. ....

42 Pa.C.S. § 9714.

not require a jury's determination beyond a reasonable doubt. *Id.* at 111 n.1; *see also Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014), we acknowledged this exception:

> The Supreme Court's decision in *Almendarez–Torres* . . . held that the fact of a prior conviction does not need to be submitted to the jury and found beyond a reasonable doubt. *Id.* at 246.... *Alleyne* explicitly noted that *Almendarez–Torres* remains good law. *See Alleyne*, *supra* at [523 U.S.] n.1 (stating, "[i]n *Almendarez–Torres*, we recognized a narrow exception ... for the fact of a prior conviction[; however, b]ecause the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today[ ]").

*Miller*, 102 A.3d 995 n. 5. *See also Commonwealth v. Bragg*, 133 A.3d 328 (Pa.Super. 2016) (holding Section 9714 not rendered unconstitutional under *Alleyne*), *aff'd Commonwealth v. Bragg*, 169 A.3d 1024 (Pa. 2017).

Here, during the sentencing hearing, the Commonwealth introduced evidence of Appellant's previous convictions for burglary, a felony of the second degree. Defense counsel stipulated to Appellant's conviction and acknowledged that Appellant was, therefore, subject to the mandatory minimum as a second strike offender. N.T. 3/18/16, at 6. In light of the exception recognized by the Supreme Court of the United States in *Alleyne* and upheld by this Court in *Miller*, we find that the trial court did not impose an illegal sentence upon Appellant. Accordingly, Appellant's issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/19