J-S46026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AYUB ABDULLAH | : | |
| | : | |
| Appellant | : | No. 3580 EDA 2017 |

Appeal from the Order October 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012294-2012

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 22, 2019**

Appellant, Ayub Abdullah, appeals *pro se* from the order entered on October 16, 2017, dismissing his petition filed pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> On February 18, 201[4], [Appellant] entered into a negotiated guilty plea on the charges of robbery, conspiracy, as well as two counts of aggravated assault [pertaining to an armed home invasion and robbery in Philadelphia, Pennsylvania on July 11, 2012].  [Appellant] was sentenced in accordance with [plea] negotiations to [an aggregate] period of 10-20 years of incarceration[, representing four concurrent 10-20 year sentences (one sentence for each of the four felonies pled)].  This sentence became final on March 20, 2014 as [Appellant] did not file [a direct] appeal, petition to withdraw his plea, or petition for

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S.A. §§ 9541-9546.

reconsideration. On October 6, 2015, [Appellant] filed a *pro se* [PCRA] petition[.]

On July 26, 2016, [Appellant] was appointed counsel to review the merits of the PCRA petition. Following this appointment, on May 8, 2017, counsel filed a letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), as well as a motion to withdraw as counsel from the PCRA matter. On July 11, 2017, [a] first dismissal notice pursuant to [Pa.R.Crim.P.] 907 was filed by the [PCRA] court[. Appellant] filed a response to the dismissal notice on July 31, 2017[.] Thereafter, on August 23, 2017, [a] second notice of dismissal pursuant to Rule 907 was filed by the [PCRA] court.

PCRA Court Opinion, 10/26/2018, at *2 (unpaginated) (unnecessary capitalization omitted).

On October 27, 2017, Appellant filed a *pro se* notice of appeal. Upon review of the docket, this Court entered an order on February 20, 2018 remanding this matter to the PCRA court because there was no indication that the PCRA court disposed of the PCRA petition or ruled on PCRA counsel's motion to withdraw. On March 2, 2018, the PCRA court granted PCRA counsel permission to withdraw. On August 10, 2018, the PCRA court dismissed Appellant's PCRA petition.[2]

On appeal, Appellant presents one issue for our review. **See** Appellant's Brief at *7 (unpaginated). He claims that the PCRA court erred by dismissing his PCRA petition as untimely because his sentence was illegal. **Id.** at *10. Appellant contends that he received four mandatory minimum sentences, one

---

[2] Pursuant to Pa.R.A.P. 905(a), we deem Appellant's *pro se* appeal timely. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

for each of his four convictions, pursuant to 42 Pa.C.S.A. § 9714 (sentences for second and subsequent violent offenses). *Id.* at *10-11. Appellant argues that the United States Supreme Court declared mandatory minimum sentences unconstitutional in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151 (2013). *Id.* Appellant further contends that our Supreme Court subsequently examined *Alleyne* in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) and that *Hopkins* provides him a timeliness exception to the PCRA as newly discovered evidence under 42 Pa.C.S.A. § 9545(b)(1)(ii). *Id.*

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Grayson*, 212 A.3d 1047, 1051 (Pa. Super. 2019). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

We previously determined:

The timeliness of a PCRA petition is a jurisdictional requisite. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3).

Further:

> The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. A court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.

In circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA. The initial untimely filing does not serve to circumvent the clear and unambiguous language of Section 9545(b)(3) and alter the date when the judgment of sentence became final.

Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final; the petitioner must allege and prove at least one of the three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). When a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the

claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims. We can raise *sua sponte* the timeliness of a PCRA petition because it is an issue of the court's jurisdiction.

***Commonwealth v. Ballance***, 203 A.3d 1027, 1031–1032 (Pa. Super. 2019) (internal case citations, quotations, and brackets omitted).

Here, the trial court sentenced Appellant on February 18, 2014. Therefore, his judgment of sentence became final on March 20, 2014, or upon the expiration of the thirty-day period to file a direct appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); ***see also*** Pa.R.A.P. 903 ("[N]otice of appeal [] shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, Appellant had until March 20, 2015 to file a timely PCRA petition. Appellant, however, filed his PCRA petition on October 6, 2015, clearly outside of the one-year timing requirement of the PCRA.[3]

On appeal, Appellant argues the timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) applies in this case. He contends that he did not know ***Alleyne*** rendered mandatory minimum sentences unconstitutional when he decided to plead guilty. Appellant's Brief at *10. He claims that it was not

---

[3] We reject Appellant's suggestion that his illegal sentencing claim is "nonwaivable." ***See*** Appellant's Brief at *11; ***see also Ballance***, 203 A.3d at 1032 ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

- 5 -

until he was imprisoned "that he heard about the mandatory minimum scheme being unconstitutional through fellow inmates and doing his own research that he learned from the legal reference aid[e] that his sentence was illegal." ***Id.*** More specifically, Appellant maintains that our Supreme Court's decision in ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015), which was issued on June 15, 2015, provides him a timeliness exception to the PCRA as newly discovered evidence under 42 Pa.C.S.A. § 9545(b)(1)(ii). ***Id.*** at 10-11.

Appellant's argument fails in several respects. First, "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered evidence exception set forth in Section 9545(b)(1)(ii)." ***Commonwealth v. Kretchmar***, 189 A.3d 459, 467 (Pa. Super. 2018) (citation omitted). Accordingly, Appellant's reliance on his purported discovery of our Supreme Court's decision in ***Hopkins*** as a newly discovered evidence exception to the PCRA fails. Moreover, ***Hopkins*** was decided on June 15, 2015 and Appellant did not file his PCRA petition until October 6, 2015, more than 60 days of the date that the claim could have been first brought.[4] ***See Ballance***, 203 A.3d at 1032. Next, the ***Hopkins*** decision held that the imposition of mandatory minimum sentences for selling narcotics within 1,000 feet of a school,

---

[4] The legislature amended 42 Pa.C.S.A. § 9545(b)(2) to allow petitioners one year, instead of sixty days, to file a claimed exception to the PCRA. The amendment only applies to claims arising on or after December 24, 2017. Appellant filed his PCRA petition in 2015. Therefore, the original 60-day rule is applicable herein.

pursuant to 18 Pa.C.S.A § 6317(a), was unconstitutional. Appellant was not sentenced under Section 6317 for selling narcotics near a school; he was sentenced as a repeat violent offender under Section 9714. Thus, Appellant's reliance on **Hopkins** does not afford him relief.[5] Because Appellant failed to file a timely PCRA petition and did not prove one of the exceptions to the one-year PCRA filing requirement, the PCRA court lacked jurisdiction to reach the merits of Appellant's claim and properly dismissed Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19

---

[5] Finally, to the extent that Appellant's claim could be interpreted as implicating a new constitutional right exception to the PCRA under 42 Pa.C.S.A. § 9545(b)(1)(iii), our Supreme Court has held that Section 9714 is constitutional. **See Commonwealth v. Bragg**, 133 A.3d 328 (Pa. Super. 2016), *affirmed*, **Commonwealth v. Bragg**, 169 A.3d 1024 (Pa. 2017) (*per curiam*). Moreover, in **Alleyne**, while the United States Supreme Court established that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt[,]" the **Alleyne** Court recognized "a narrow exception to this general rule for [] prior conviction[s]." **Id.** at 2155 and 2160 n.1.