J-S36026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY BRAGG | : | |
| | : | |
| Appellee | : | No. 1128 EDA 2021 |

Appeal from the PCRA Order Entered May 17, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000310-2013,
CP-51-CR-0010289-2012, CP-51-CR-0010290-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY BRAGG | : | |
| | : | |
| Appellee | : | No. 1129 EDA 2021 |

Appeal from the PCRA Order Entered May 17, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000310-2013,
CP-51-CR-0010289-2012, CP-51-CR-0010290-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY BRAGG | : | |
| | : | |
| Appellee | : | No. 1130 EDA 2021 |

J-S36026-21

Appeal from the PCRA Order Entered May 17, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000310-2013,
CP-51-CR-0010289-2012, CP-51-CR-0010290-2012

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JANUARY 28, 2022**

Appellant, the Commonwealth of Pennsylvania, appeals from the order

entered in the Philadelphia County Court of Common Pleas, which granted the

petition filed by Appellee, Gregory Bragg, pursuant to the Post Conviction

Relief Act ("PCRA").[1]  For the following reasons, we reverse the order granting

PCRA relief.

This Court has previously set forth the relevant facts of this case as

follows:

> [Appellee] was charged [at three dockets] with [various]
> offenses in connection with two bank robberies in
> Philadelphia.  On May 12, 2012, [Appellee] held up the
> Citizens Bank at 7327 Frankford Avenue by demanding
> money from the bank teller.  Once the teller placed
> approximately $2,300 in [Appellee]'s bag, [Appellee]
> noticed a dye pack attached to the money.  [Appellee]
> removed the dye pack, threw it on the floor, and fled.
> Witnesses saw [Appellee] change his clothes in a nearby
> alley and burn the clothes he wore in the robbery.
>
> Several months later, on August 11, 2012, [Appellee]
> entered the PNC Bank at 6855 Frankford Avenue, wearing a
> red Phillies shirt, a baseball hat, sunglasses, blue surgical
> gloves, and jeans.  [Appellee] approached the teller,
> growled "What are you looking at?," banged on the counter,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

and demanded money from the teller, who placed $3,700 in [Appellee]'s bag. [Appellee] fled the bank and ran towards a residential driveway where a wooden fence separated the driveway from the backyard of a row home. [Appellee] changed his clothes, poured gasoline on the clothes he wore in the robbery, and lit them on fire.

Philadelphia Police Sergeant Dennis Johnson received a radio dispatch to the robbery at the PNC Bank and observed [Appellee] attempting to flee down Knorr Street. After Sergeant Johnson began pursuing [Appellee] on foot, [Appellee] threw the stolen money in a trashcan. When Sergeant Johnson saw [Appellee] had a knife, he pulled out his firearm and ordered [Appellee] to drop his weapon. Backup officers arrived to help Sergeant Johnson place [Appellee] in custody.

Several eyewitnesses identified [Appellee] as the perpetrator of the robbery at PNC Bank. Later that evening, [Appellee] gave a formal written confession, admitting he had robbed PNC Bank. On September 7, 2012, [Appellee] gave a similar written confession to admit he had also committed the May 2012 robbery of Citizens Bank.

[Appellee] waived his right to a jury trial and proceeded to a bench trial, where the trial court convicted him of [arson, possessing instruments of crime, criminal mischief, resisting arrest, robbery, theft, and receiving stolen property]. On June 19, 2014, the trial court imposed an aggregate term of ten to twenty years' imprisonment[, which included a mandatory minimum ten year term per 42 Pa.C.S.A. § 9714 (governing second strike offenses for crimes of violence)].

*Commonwealth v. Bragg*, 133 A.3d 328, 329-30 (Pa.Super. 2016), *aff'd*, 642 Pa. 13, 169 A.3d 1024 (2017). This Court affirmed Appellee's judgment of sentence on February 5, 2016, and our Supreme Court affirmed this Court's ruling on August 22, 2017. *See id.*

On November 6, 2017, Appellee timely filed the current PCRA petition *pro se*. The court appointed counsel, who filed an amended petition on August

- 3 -

9, 2018. In the petitions, Appellee alleged, *inter alia*, trial counsel was ineffective for failing to communicate a plea offer to Appellee of 7½ to 15 years' imprisonment. In support of his claim, Appellee cited to a portion of the sentencing transcript, during which the prosecutor referenced that Appellee had rejected an offer of 7½ to 15 years' imprisonment around the time of his preliminary hearing.

The court held a PCRA hearing on March 12, 2021. Appellee testified at the hearing that he waived his preliminary hearing in exchange for a plea offer, but the Commonwealth later rescinded the offer when it learned that Appellee had been charged in the second robbery case. (N.T. PCRA Hearing, 3/12/21, at 11). Appellee maintained that had trial counsel conveyed an offer to him of 7½ to 15 years' imprisonment, Appellee would have accepted it. (*Id.* at 13). Appellee insisted he would have accepted anything less than a mandatory sentence. (*Id.*) On cross-examination, however, Appellee admitted that he rejected a plea offer of 8 to 20 years' imprisonment. (*Id.* at 14-15). After Appellee's testimony, Appellee rested.

The Commonwealth first called Alisa Shver, who was the prosecutor assigned to Appellee's cases. Upon reviewing her notes from the file, Attorney Shver testified that on October 10, 2012, the Commonwealth had made a global offer of 10 to 20 years' imprisonment for both robbery cases. Attorney Shver also stated that her notes showed an entry dated November 5, 2012, stating: "O: 8-20 or 8-16 plus 4." (*Id.* at 27). Attorney Shver indicated that

"O" stood for "offer" and said that the notation signified the offer was either 8 to 20 years' imprisonment or 8 to 16 years' imprisonment, plus 4 years of reporting probation. Attorney Shver reviewed another notation from December 4, 2012, stating: "Offer to remain open." (*Id.* at 28). Attorney Shver confirmed that the offer to remain open was the offer of 8 to 20 years' imprisonment or 8 to 16 years' imprisonment, plus 4 years' probation. Attorney Shver also reviewed e-mail communication between herself and Peter Moss from the Defender Association.[2] In an e-mail dated December 4, 2012, Attorney Shver memorialized the terms of a global offer across all cases for either 8 to 20 years' imprisonment or 8 to 16 years' imprisonment, plus 4 years' probation. (*Id.* at 30).

Attorney Shver further reviewed an e-mail communication between herself and Renee Sihvola from the Defender Association, dated April 16, 2013. In the e-mail, Attorney Shver explained to Attorney Sihvola (who had just been assigned to Appellee's case), that initially Attorney Shver and Appellee's prior counsel Gerald Stein had agreed to a 6-to-15-year plea bargain, but that offer was withdrawn once Appellee was charged with the second robbery. Attorney Shver explained that the new global offer the Commonwealth was willing to make was 8 to 20 years' imprisonment. (*Id.* at

---

[2] Attorney Moss was one of multiple attorneys who represented Appellee up until the time of trial. The record indicates Appellee was initially represented by Gerald Stein, then by Attorney Moss, then by Attorney Renee Sihvola, and then by Attorney Paul DiMaio.

33).  Attorney Shver then reviewed a letter dated July 22, 2013 that she sent to Appellee's trial counsel, Paul DiMaio, which also reflected the global offer of 8 to 20 years' imprisonment.  (***Id.*** at 35).

Attorney Shver next reviewed a portion of the sentencing transcript from June 19, 2014, during which Attorney Shver stated: "When this case went to a preliminary hearing, the offer was 7 and-a-half to 15."  (***Id.*** at 36) (citing N.T. Sentencing, 6/19/14, at 11).  Attorney Shver made clear that her statement at sentencing was a misstatement, or possibly a stenographer error.  Attorney Shver confirmed that there was never a formal offer of 7½ to 15 years' imprisonment in this case; had there been any such offer, Attorney Shver would have memorialized it in some type of document to defense counsel.  (***Id.*** at 37).

On cross-examination, Attorney Shver explained that the initial offer of 6 to 15 years' imprisonment was in exchange for Appellee waiving the preliminary hearing and pleading guilty, but that offer was rescinded when Appellee was arrested on the second robbery case.  (***Id.*** at 38).  Attorney Shver discussed her statement at the sentencing hearing and explained that she made the statement when trying to inform the judge that Appellee had not accepted responsibility and declined the Commonwealth's earlier plea offer.  Attorney Shver contended that she meant to state at sentencing that Appellee did not accept the earlier plea offer of 8 to 16 years' imprisonment plus 4 years' probation, or 8 to 20 years' imprisonment.  (***Id.*** at 41).  Attorney

Shver confirmed that she received an e-mail from Attorney Sihvola stating: "Unfortunately, we won't be able to do the 8 to 20." (*Id.*) Attorney Shver made clear: "[T]here was never for both cases an offer of less than 8 and it was not going to be more than 20, whatever that combination could be." (*Id.* at 43-44).

The Commonwealth next called Attorney Sihvola. Attorney Sihvola testified that the Commonwealth offered 8 to 20 years' imprisonment for both robbery cases, which Appellee rejected. (*Id.* at 49). Attorney Sihvola asserted: "Any time I have ever received an offer as a criminal defense attorney, I have always conveyed it to my client." (*Id.*)

Paul DiMaio testified that he represented Appellee pre-trial and at trial. Attorney DiMaio recalled the Commonwealth's offer of 8 to 20 years' imprisonment in this case, and that Appellee really wanted to go to trial. (*Id.* at 56). Attorney DiMaio said Appellee was "very adamant" about going to trial. (*Id.* at 57). Attorney DiMaio did not recall ever receiving an offer of 7½ to 15 years' imprisonment in this case. (*Id.*) Attorney DiMaio said his practice is to always go over any offers with a defendant. After Attorney DiMaio's testimony, the Commonwealth rested. Following argument, the court held the matter under advisement pending the submission of post-hearing briefs.

On May 17, 2021, the court granted PCRA relief, vacated Appellee's judgment of sentence, and remanded for resentencing. The PCRA court also directed the Commonwealth to re-offer Appellee the 7½ to 15-year plea

bargain. The Commonwealth timely filed a notice of appeal at each underlying docket on June 1, 2021. On June 3, 2021, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); the Commonwealth timely complied on June 10, 2021. This Court subsequently consolidated the appeals *sua sponte*.

The Commonwealth raises one issue for our review:

> Did the PCRA court err by ordering a new sentencing hearing and requiring the Commonwealth to "re-offer" an alleged plea deal for 7.5 to 15 years' incarceration, where [Appellee] failed to prove, and the hearing evidence in fact contradicted, that such an offer had ever been made or that counsel received and failed to convey it to [Appellee]; the evidence showed that counsel did convey to [Appellee] a plea offer of 8 to 20 years' incarceration, which [Appellee] rejected; and the [PCRA] court had no authority to order the prosecutor to "re-offer" a plea?

(Commonwealth's Brief at 4).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Beatty***, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Howard***, 249 A.3d 1229 (Pa.Super. 2021). "[W]e review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021).

The Commonwealth argues that Appellee failed to meet his threshold

burden to prove that there was a plea offer of 7½ to 15 years' imprisonment in this case. The Commonwealth asserts that Appellee relied entirely on Attorney Shver's comment at the sentencing hearing regarding a prior offer of 7½ to 15 years' imprisonment. The Commonwealth insists it disproved Appellee's claim that any such plea offer existed at the PCRA hearing. The Commonwealth claims the record shows that the Commonwealth extended four plea offers to Appellee during the life of this case. The Commonwealth first offered Appellee a plea bargain of 6½ to 15 years' imprisonment for only **one** of the underlying robbery cases, but that offer was rescinded once the Commonwealth learned of Appellee's second robbery case. The second offer, which encompassed both robbery cases, was for the applicable mandatory minimum sentence of 10 to 20 years' imprisonment. The third offer included an option of 8 to 20 years' imprisonment, or 8 to 16 years' imprisonment, plus 4 years' probation. This offer was communicated in an e-mail to Appellee's counsel on December 4, 2012. Finally, the Commonwealth extended an offer of 8 to 20 years' imprisonment in e-mails to Attorney Shivola on April 10, 2013, and to Attorney DiMaio on July 22, 2013. Appellee rejected this offer.

With respect to the comments at the sentencing hearing, the Commonwealth highlights Attorney Shver's testimony that there was never an offer of 7½ to 15 years' imprisonment and that her reference to that plea offer was either a misstatement or a stenographer error. The Commonwealth emphasizes Attorney Shver's testimony that she did not recall any offer of 7½

to 15 years' imprisonment in this case, and had such offer been made, she would have memorialized it in some sort of documentation. Thus, the Commonwealth stresses that its evidence at the PCRA hearing rebutted, rather than proved, the existence of a 7½ to 15-year offer.

Further, the Commonwealth claims that even if there was an offer of 7½ to 15 years' imprisonment, the Commonwealth would have retained discretion to withdraw that offer at any point before formal acceptance and approval by the court. The Commonwealth contends the PCRA court's remedy to Appellee—to require the Commonwealth to re-offer the 7½ to 15-year plea offer—overrides the Commonwealth's prosecutorial discretion. The Commonwealth submits Appellee was not entitled to specific performance of an uncommunicated plea offer. The Commonwealth concludes the PCRA court improperly granted PCRA relief in this case, and this Court must reverse. We agree.

"Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is

a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted).

"Generally, counsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer." *Commonwealth v. Marinez*, 777 A.2d 1121, 1124 (Pa.Super. 2001), *appeal denied*, 567 Pa. 739, 788 A.2d 374 (2001). "Failure to do so may be considered ineffectiveness of counsel if the defendant is sentenced to a longer prison term than the term he would have accepted under the plea bargain." *Id.* To succeed on a claim of ineffectiveness for failing to convey a plea offer, the petitioner must plead and prove: "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." *Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa.Super. 2005), *appeal denied*, 585 Pa. 686, 887 A.2d 1239 (2005).

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a

reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 134, 147, 132 S.Ct. 1399, 1409, 182 L.Ed.2d 379 (2012).[3] *See also Lafler v. Cooper*, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) (holding that proper remedy where defendant establishes counsel's ineffectiveness for advising defendant to reject more favorable plea offer is to order state to re-offer plea agreement; presuming defendant accepts offer, state trial court can then exercise its discretion in determining whether to vacate convictions and resentence defendant pursuant to plea agreement, to vacate only some of convictions and resentence defendant accordingly, or to leave convictions and sentence from trial undisturbed;

_____

[3] Our High Court further explained:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. First, the fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations. Second, States may elect to follow rules that all offers must be in writing, again to ensure against later misunderstandings or fabricated charges. … Third, formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence. …

*Id.* at 146, 132 S.Ct. at 1408-09.

Court's decision leaves open to trial court how best to exercise that discretion in all circumstances of case).

Instantly, the PCRA court explained its rationale for granting Appellee relief as follows:

> In the instant matter, trial counsel failed to give any advice or even notify Appellee of the pre-trial offer of seven and a half (7.5) to fifteen (15) years.
>
> \* \* \*
>
> Instantly, Appellee was unaware of the aforementioned pre-trial offer until Sentencing when the Commonwealth revealed, "But we offered the defendant less than the [ten] 10 years. In the very beginning, when this case went to a preliminary hearing, the offer was seven and a half [7.5] to fifteen [15]; and knowing this was his second strike and knowing we could have done all of this. But he rejected that." *Sentencing N.T.* at 11. Had Appellee been aware of this pre-trial offer, there is a reasonable probability that would have been presented to the court and accepted by this court. Moreover, it is indisputable that this pre-trial offer was less severe than the actual sentence imposed.

(PCRA Court Opinion, filed July 22, 2021, at 6). Our review of the record does not support the court's analysis.

Here, nothing in the record supports Appellee's contention that the Commonwealth ever made an offer of 7½ to 15 years' imprisonment, other than Attorney Shver's brief mention of such an offer during her argument at the sentencing hearing. At the PCRA hearing, Attorney Shver expressly denied that there was an offer of 7½ to 15 years' imprisonment in this case and attributed her statement at the sentencing hearing to being a misstatement, or possibly a stenographer error. Attorney Shver was clear that if there was

an offer of 7½ to 15 years' imprisonment in this case, she would have reduced it to a writing. To be sure, Attorney Shver made detailed notations of the offers in this case, none of which reflected an offer of 7½ to 15 years' imprisonment.

Further, Attorney DiMaio testified that he did not recall an offer of 7½ to 15 years' imprisonment in this case. Attorney DiMaio recalled only the offer of 8 to 20 years' imprisonment, which Appellee rejected because he really wanted to go to trial. Attorney Sihvola also recalled the 8-to-20-year offer, which she said Appellee rejected. Based on the testimony, attorney notes, and e-mail correspondence in this case, the record does not support Appellee's assertion that the Commonwealth ever extended an offer of 7½ to 15 years' imprisonment in this case. Therefore, Appellee failed to satisfy his burden of proving the purported plea offer existed in this case necessary to succeed on his ineffectiveness claim.[4] **See Chazin, supra**. Accordingly, we reverse the order of the PCRA court granting Appellee relief.

Order reversed. Jurisdiction is relinquished.

---

[4] Based on our disposition that the 7½ to 15-year plea offer did not exist in this case, we need not decide whether the PCRA court's remedy here was proper.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2022