J-S20009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN VICTOR PARROTTE | : | |
| | : | |
| Appellant | : | No. 922 WDA 2021 |

Appeal from the Judgment of Sentence Entered March 11, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005036-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN PARROTTE | : | |
| | : | |
| Appellant | : | No. 923 WDA 2021 |

Appeal from the Judgment of Sentence Entered March 11, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005037-2017

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JULY 28, 2022**

Appellant Justin Victor Parrotte appeals from the judgment of sentence imposed following his convictions for murder, resisting arrest, illegal possession of firearms, and related offenses. Appellant contends that the evidence was insufficient evidence to prove first-degree murder and that the murder conviction was against the weight of the evidence. We affirm.

As we write for the parties, we need not set forth a detailed recitation of the factual history. The record reflects that John Miller (the victim) was shot and killed on January 25, 2017. N.T. Trial, 2/18-20/20, at 18-22; 126. During the subsequent investigation, witness Kirsta Kellem (Kellem) identified Appellant as the perpetrator. *Id.* at 70; 132. On February 2, 2017, police officers arrested Appellant while engaged in the sale of suspected narcotics. *Id.* at 169. When the police attempted to arrest Appellant, he ran from the officers. *Id.* at 169-170. During his flight, Appellant discarded a firearm, which the police recovered. *Id.* at 170-72. When the officers caught up to Appellant, he struggled with the officers and resisted arrest. *Id.* at 186; 215.

At trial, Detective Jeffrey Abraham testified that after police arrested Appellant, Appellant gave three statements to police. *Id.* at 218-221. In one of his statements, Appellant admitted shooting at the victim three or four times but did not admit that he struck the victim. *Id.* at 221-224. Detective Abraham also testified that Appellant wrote an apology note to the victim's family.[1] *Id.* at 224-226.

At trial court docket CP-02-CR-0005037-2017 (5037-2017), the Commonwealth charged Appellant with criminal homicide, persons not to

---

[1] We are cognizant that the language Appellant used in this apology note does not specifically admit guilt with respect to the murder charge. In the note, Appellant says only that he apologizes "for the part that was played." N.T., Trial, 2/18-20/20, at 224-226.

possess firearms, and carrying a firearm without a license.[2]  Complaint, 2/3/17.  These charges were filed in connection with the shooting death of the victim.  **Id.**

At trial court docket CP-02-CR-0005036-2017 (5036-2017), the Commonwealth charged Appellant with one count each of receiving stolen property (RSP), persons not to possess firearms, carrying a firearm without a license, flight to avoid apprehension, resisting arrest, criminal use of a communication facility, possession of a controlled substance, and possession with intent to deliver a controlled substance (PWID).[3] Complaint, 2/3/17.  The charges at 5036-2017 were filed in connection with the events surrounding Appellant's February 2, 2017 arrest.  **Id.**

On February 18, 2020, Appellant proceeded to a bench trial on both trial court dockets.  On February 25, 2020, the trial court found Appellant guilty of first-degree murder,[4] persons not to possess firearms, and carrying a firearm without a license at trial court docket 5037-2017; and found Appellant guilty of resisting arrest, persons not to possess firearms, and carrying a firearm without a license at trial court docket 5036-2017.  N.T. Verdict, 2/25/20, at

_____

[2] 18 Pa.C.S. §§ 2501(a), 6105(a)(1), and 6106(a)(1), respectively.

[3] 18 Pa.C.S. §§ 3925(a), 6105(a)(1), 6106(a)(1), 5126(a), 5104, and 7512(a); and 35 P.S. § 780-113(a)(16) and (30), respectively.

[4] 18 Pa.C.S. § 2502(a).

2-5. Further, the trial court found Appellant not guilty with respect to the other charges. *Id.* at 3-5.

On March 11, 2021, the trial court sentenced Appellant to a term of life imprisonment on the murder charge, followed by an aggregate term of five to ten years of incarceration on the remaining convictions. N.T. Sentencing, 3/11/21, at 63-64. Appellant filed post-sentence motions challenging the weight of the evidence and requesting a new trial. The trial court denied Appellant's post-sentence motions on July 9, 2021, and Appellant filed timely appeals on August 6, 2021. On September 3, 2021, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513. Both the trial court and Appellant complied with Pa.R.A.P. 1925.[5]

On appeal, Appellant raises the following issues:

1. Was the evidence insufficient to prove beyond a reasonable doubt that Appellant acted with the requisite premeditation and specific intent to kill required for first-degree murder?

2. Was the verdict against the weight of the evidence to establish that Appellant acted with premeditation and the specific intent to kill required for first-degree murder?

Appellant's Brief at 4.

---

[5] This matter was tried before the Honorable Jeffrey Manning. *See* Trial Ct. Op., 12/7/21, at 2. However, after Judge Manning's medical leave and subsequent retirement, this matter was reassigned to the Honorable Jill E. Rangos for sentencing and post-sentence motions. *See id.*; *see also* N.T., 3/11/21, at 1. Additionally, Judge Rangos prepared the Rule 1925(a) opinion. *See* Trial Ct. Op., 12/7/21, at 2.

Appellant's first issue presents a challenge to the sufficiency of the evidence and claims that the evidence is equally consistent with his innocence as his guilt. Appellant's Brief at 14. Appellant contends that the evidence failed to establish the specific intent to kill. *Id.* at 15-16. Appellant emphasizes that although Kellem saw Appellant walk away with the victim and then heard gunshots coming from Appellant, Kellem conceded that she could not see Appellant's hands at the time of shooting and did not testify that she saw Appellant actually fire the gun. *Id.* at 16-17. Additionally, Appellant notes that police recovered a fired cartridge casing at the crime scene that did not come from the murder weapon. Appellant asserts that this the evidence indicates that there may have been a struggle and no specific intent to kill. *Id.* at 20. Finally, Appellant argues that although the bullets struck the victim in vital parts of his body, there was no evidence that Appellant "directed" the bullets toward a vital part of the victim's body. *Id.* at 21.

The Commonwealth responds that the trial court, sitting as the finder of fact, credited Kellem's testimony, as it was free to do. Commonwealth's Brief at 19. Kellem testified that Appellant believed the victim was a confidential informant (CI) responsible for a recent police raid at a house from which Appellant and others sold drugs. *Id.* at 26. The Commonwealth notes that Kellem testified that Appellant wanted Kellem to identify the victim the next time she saw him. *Id.* The Commonwealth asserts that although Kellem testified that she could not see Appellant's hands at the moment of the shooting because Appellant's body blocked her view, she did testify that she

heard the gunshots coming from Appellant. *Id.* at 22-26. Moreover, when she heard these gunshots coming from Appellant, she also saw the victim getting shot. *Id.* at 26. The Commonwealth emphasizes that while "Kellem was unable to see the gun in Appellant's hands[, it] does not mean she did not observe the victim get shot. At no point did Ms. Kellem state that her view of the victim was completely blocked by Appellant's body." *Id.* at 22 (formatting altered). Additionally, the Commonwealth notes that the pathologist determined that the victim died from multiple gunshot wounds to vital parts of his body, his head and torso. *Id.* at 28, 38. The Commonwealth states that the firearm that Appellant discarded during his flight from arrest was the murder weapon. *Id.* at 19, 28. Finally, the Commonwealth points out that Appellant admitted that he fired three to four shots at the victim. *Id.* at 344. The Commonwealth concludes that all this evidence "allowed for the fact finder's reasonable conclusion that [A]ppellant acted in an intentional, deliberate[,] and premeditated manner sufficient to sustain his first-degree murder conviction. *Id.*

Our standard of review is well settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and

- 6 -

inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Bragg*, 133 A.3d 328, 330-31 (Pa. Super. 2016) (citation omitted).

First-degree murder is defined as follows: "[a] criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." 18 Pa.C.S. § 2502(a). In order to prove a defendant guilty of first-degree murder, the Commonwealth must prove beyond a reasonable doubt:

that the defendant unlawfully killed another human being, the defendant acted with the specific intent to kill, and the killing was willful, deliberate, and premeditated. The specific intent to kill may be inferred from the defendant's use of a weapon on a vital part of the victim's body. . . . Furthermore, the Commonwealth may sustain its burden by wholly circumstantial evidence and the [finder of fact] is free to believe all, part, or none of the evidence.

*Commonwealth v. Thomas*, 215 A.3d 36, 40 (Pa. 2019) (citations omitted). The head and chest are vital parts of the body. *See, e.g., Commonwealth v. Mattison*, 82 A.3d 386, 392-293 (Pa. 2013); *Commonwealth v. Hanible*, 836 A.2d 36, 38 (Pa. 2003).

The record reveals that Kellem testified that she and Appellant were friends and had known each other for a short time. N.T. Trial, 2/18-20/20, at 59-61. Kellem testified she and Appellant were engaged in the sale of illegal

drugs, and Appellant believed that the victim was a CI and had caused the police to raid a house from which drugs were sold. *Id.* at 63. Kellem stated that Appellant asked her to identify the victim the next time they saw him, and Kellem agreed. *Id.* at 64-65. On January 25, 2017, Kellem and Appellant encountered the victim and an individual called "Shadow," and Appellant approached the victim. *Id.* at 65. Shadow walked away, and Appellant told the victim that Appellant had some cleaning work for him. *Id.* at 65-66. Kellem, Appellant, and the victim began walking down the street near a public staircase (the city steps), and Appellant then told Kellem to remain where she was standing. *Id.* at 67-68. Kellem testified that Appellant and the victim continued walking up the city steps, and she then heard gunshots and saw the victim get shot. *Id.* at 67-77. Kellem also testified that Appellant always carried a gun, and she identified Appellant's gun at trial. *Id.* at 79-80. Kellem testified that Appellant informed her that she should not tell anyone she was a witness to the murder, or she would end up like the victim. *Id.* at 81-82.

Further, when the police attempted to arrest Appellant, Appellant fled[6] and discarded a gun. At trial, Appellant stipulated that laboratory testing confirmed that the bullets recovered from the victim's body and the shell casings found at the crime scene matched the gun Appellant discarded when

---

[6] Flight may constitute circumstantial evidence of consciousness of guilt. *See Commonwealth v. Spotz*, 84 A.3d 294, 316 (Pa. 2014) (citation omitted). In its closing, the Commonwealth submitted that Appellant's flight was evidence of consciousness of guilt. *See* N.T. Trial, 2/18-20/20, at 274.

he was arrested.  *Id.* at 205-207.  As noted above, Kellem identified the murder weapon as belonging to Appellant.  *Id.* at 79-80.

Viewing the evidence in the light most favorable to Commonwealth, we conclude that the evidence was sufficient to prove Appellant guilty of first-degree murder.  Appellant's arguments that there may have been an altercation between Appellant and the victim, and that police found an additional shell casing at the scene which did not match Appellant's gun,[7] do

_____

[7] We point out that there was no evidence of any gun found on or near the victim.  Additionally, with respect to Appellant's claim that there was no evidence that he aimed or directed bullets toward a vital part of the victim's body, and therefore no specific intent to kill, Appellant's Brief at 21, this argument has been rejected by our Supreme Court:

> [the a]ppellant's claim that the inference [of the specific intent to kill] in this case was improper because he did not aim the gun at a specific area of the victim's body, is specious.  In **Commonwealth v. Washington**, 927 A.2d 586 (Pa. 2007), the appellant argued that there was insufficient evidence to sustain a conviction of first-degree murder because he merely aimed in the victim's direction, which could not [support an] inference that he had the specific intent to kill; rather, the evidence is equally consistent with the probability that [the appellant] sought only to scare or wound the victim.  The High Court found that the appellant's claim had no merit.  It specifically rejected the proposition that it had to conclude a defendant intentionally aimed at a vital part of the victim's body before it could find sufficient evidence to support an inference of the specific intent to kill.  Rather, our Supreme Court held that the critical inquiry is the **use** of a deadly weapon on a vital part of the body, not the intentional aiming of the weapon at a vital part of the body.  [The appellant's] issue lacks merit.

**Commonwealth v. Williams**, 176 A.3d 298, 307-08 (Pa. Super. 2017) (emphasis in original) (formatting altered).  Based on this reasoning, we conclude that Appellant's contention that the evidence was insufficient
*(Footnote Continued Next Page)*

not render the evidence insufficient. *See Bragg*, 133 A.3d at 330-31 (stating "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances."). Moreover, to the extent that Appellant assails Kellem's credibility as a witness, such a claim goes to the weight of the evidence, not its sufficiency. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) (explaining that challenges to the credibility of a witness's testimony go to the weight of the evidence and not sufficiency).

On this record, the evidence credited by the trial court established that Appellant believed the victim was a CI, was angry with the victim, sought to find the victim, lured the victim to accompany him with the promise of work. When Appellant and the victim walked away, although she did not see the gun, Kellem heard Appellant shoot the victim multiple times, and she saw the victim get shot. Further, the victim died as a result of gunshot wounds to vital parts of his body, his head and torso. Appellant then threatened to kill Kellem if she told anyone what Appellant had done. Additionally, when the police arrested Appellant, Appellant discarded a firearm that was determined to be

_____

because the Commonwealth did not prove that Appellant aimed or directed bullets at vital parts of the victim's body is meritless. As noted above, the evidence established that Appellant shot the victim in the head and torso, which are vital parts of the body, and intent to kill may be properly inferred. *See Thomas*, 215 A.3d at 40 (stating that the specific intent to kill may be inferred from the defendant's use of a weapon on a vital part of the victim's body).

the murder weapon. Based on this evidence, it was reasonable for the trial court, sitting as the finder of fact, to conclude Appellant had the premeditated intent to shoot and kill the victim, and that he shot the victim in vital parts of his body. Therefore, these actions proved Appellant acted with the requisite intent to kill necessary to find him guilty of first-degree murder. Accordingly, Appellant is due no relief on his challenge to the sufficiency of the evidence.

Appellant next argues that the verdict was against the weight of the evidence, and that the trial court abused its discretion when it denied his motion for a new trial. Appellant's Brief at 23. Appellant contends that because Kellem did not actually see Appellant fire the gun, that there was a shell casing from a gun that was not the murder weapon, and that Appellant had an apparent defensive wound, and therefore, the verdict shocks one's sense of justice and requires a new trial. *Id.* Appellant then incorporates by reference the argument presented in his first issue concerning the sufficiency of the evidence. *Id.* at 24.

The Commonwealth asserts that Appellant waived this issue because the Pennsylvania Supreme Court has specifically disapproved of appellate advocacy that incorporates argument by reference. Commonwealth's Brief at 36 (citing *Commonwealth v. Wholaver*, 177 A.3d 136, 145 n.7 (Pa. 2018); *Commonwealth v. Solano*, 129 A.3d 1156, 1168 n.11 (Pa. 2015); and *Commonwealth v. Briggs*, 12 A.3d 291, 342 (Pa. 2011)). The Commonwealth also argues that this issue is waived because, pursuant to

Pa.R.A.P. 2119(a), Appellant was required to support his argument with pertinent discussion and citation to authority. *Id.* at 36-37.

After review, we agree with the Commonwealth that Appellant's brief is deficient on this issue and fails to include pertinent argument and supporting legal authority, in addition to incorporating argument by reference. Accordingly, Appellant has waived his weight of evidence claim on appeal. *See Briggs*, 12 A.3d at 342 (finding a claim waived where it was incorporated by reference rather than developed in the appellate brief); *see also Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) ([Rule 2119 requires] that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim.") (formatting altered).

In any event, were we to address this issue, we would conclude that no relief is due. This Court has explained:

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the . . . verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the

verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (formatting altered). When a weight claim "is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." *Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (citation omitted). Moreover, appellate review is limited to whether the trial court properly exercised its discretion, and relief will be granted only where the facts and inferences of record disclose an abuse of that discretion. *Commonwealth v. Cousar*, 928 A.2d 1025, 1036 (Pa. 2007). Therefore, "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.*

Upon review, we discern no abuse of the trial court's discretion in rejecting Appellant's weight of the evidence claim. The trial court, sitting as the finder of fact, was free to believe some, all, or none of the evidence and to determine the credibility of the witnesses. *Gonzalez*, 109 A.3d at 723. On appeal, Appellant's challenge to the weight of witness testimony essentially asks this Court to make findings of fact and to reweigh the evidence in his favor, which we cannot and will not do. *See Gibbs*, 981 A.2d at 282; *see also Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa. Super. 2017)

(stating that this Court is not permitted to reassess the credibility of witnesses and reweigh the evidence presented at trial).

On this record, the evidence supporting the verdict is not tenuous, vague, or uncertain. As discussed, Kellem's testimony, which the trial court credited, established that Appellant was angry with the victim, set out to find him, lured the victim with the promise of work, and when the victim walked with Appellant, Appellant shot and killed him. We discern no abuse of discretion in the trial court's denial of Appellant's challenge to the weight of the evidence and motion for a new trial.

For these reasons, we conclude that Appellant is due no relief. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2022